UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOM HUSSEY PHOTOGRAPHY, LLC,

               Plaintiff,

    v.

BDG MEDIA, INC.,

               Defendant.

Case No. 21-cv-03514-AT

**DEFENDANT BDG MEDIA, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Eleanor M. Lackman
Bradley J. Mullins
Lindsay R. Edelstein
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
eml@msk.com
bym@msk.com
lre@msk.com

*Attorneys for Defendant
BDG Media, Inc.*

## TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................ 1

II.   SUMMARY OF ARGUMENT ..................................................................... 1

III.  STATEMENT OF FACTS ............................................................................ 3

    A.   THP's Initial Allegations ................................................................. 3

    B.   The Transferor Court's December 18 Order Dismissing the Original
        Complaint ........................................................................................ 4

    C.   THP's Amended Allegations ........................................................... 5

    D.   The Parties ...................................................................................... 6

IV.   ARGUMENT ............................................................................................... 6

    A.   THP's Claims Should Be Dismissed Pursuant To Rule 12(b)(6) ....... 6

        1.   THP Still Fails To Allege Any Direct Infringement By BDG ............ 7

        2.   THP Does Not Sufficiently Allege its Secondary Liability Claims ......... 12

        3.   THP's Copyright Infringement Claims Are Untimely ............................ 17

V.    CONCLUSION ........................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### Cases

*Abbey House Media, Inc. v. Apple Inc.*,
    66 F. Supp. 3d 413 (S.D.N.Y. 2014)....................................................................15

*Allen v. Scholastic Inc.*,
    739 F. Supp. 2d 642 (S.D.N.Y. 2011)..................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................6, 16

*Berry v. Deutsche Bank Tr. Co. Americas*,
    No. 07 CIV. 7634 (WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008)............16

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
    No. 02 CIV. 1164 (RWS), 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003)..........13, 15

*Burnette v. Carothers*,
    192 F.3d 52 (2d Cir. 1999)...................................................................................6

*Carell v. Shubert Org., Inc.*,
    104 F. Supp. 2d 236 (S.D.N.Y. 2000).................................................................14

*Cartoon Network LP v. CSC Holdings, Inc.*,
    536 F.3d 121 (2d Cir. 2008)............................................................................7, 9

*Douglas v. Stamco*,
    363 F. App'x 100 (2d Cir. 2010) ........................................................................12

*Gench v. HostGator.com LLC*,
    No. 14 Civ. 3592(RA)(GWG), 2015 WL 3757120 (S.D.N.Y. June 17, 2015) .......16

*Giraldo v. Kessler*,
    694 F.3d 161 (2d Cir. 2012).................................................................................7

*Hussey v. Style Pantry LLC*,
    Case No. 2:20-cv-00721 (C.D. Cal. 2020)............................................................3

*Leonard v. Stemtech Health Scis., Inc.*,
    No. CV 08-67-LPS-CJB, 2013 WL 5288266 (D. Del. Sept. 19, 2013)............11, 13

# TABLE OF AUTHORITIES
<u>(continued)</u>

<u>**Page(s)**</u>

*Live Face on Web, LLC v. The Control Grp. Media Co., Inc.*,
    150 F. Supp. 3d 489 (E.D. Pa. 2015) .....................................................................15

*Lopez v. Bonanza.com, Inc.*,
    No. 17 CIV. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019)..............8, 13, 15, 16

*Marvullo v. Gruner & Jahr*,
    105 F. Supp. 2d 225 (S.D.N.Y. 2000)......................................................................14

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
    390 F. Supp. 3d 461 (S.D.N.Y. 2019)....................................................................6, 18

*MyPlayCity, Inc. v. Conduit Ltd.*,
    No. 10 CIV. 1615 CM, 2012 WL 1107648 (S.D.N.Y. Mar. 30, 2012) ....................................11

*O'Boyle v. Braverman*,
    337 F. App'x 162 (3d Cir. 2009) .............................................................................7

*Palm Beach Strategic Income, LP v. Salzman*,
    457 F. App'x 40 (2d Cir. 2012) ..............................................................................12

*Parker v. Google, Inc.*,
    422 F. Supp. 2d 492 (E.D. Pa. 2006) ...................................................................16, 17

*Parker v. Google, Inc.*,
    242 F. App'x 833 (3d Cir. 2007) ..........................................................................7, 10

*Parker v. Paypal, Inc.*,
    No. CV 16-4786, 2017 WL 3508759 (E.D. Pa. Aug. 16, 2017)..............................................13

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ..............................................................................11

*Perfect 10, Inc. v. Giganews, Inc.*,
    No. CV11-07098 AHM SHX, 2013 WL 2109963 (C.D. Cal. Mar. 8, 2013)....................................8, 10

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)....................................................................................7

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
    907 F. Supp. 1361 (N.D. Cal. 1995) ........................................................................10

*Schumacher v. Richards Shear Co.*,
    59 N.Y.2d 239 (1983) .........................................................................................11

## TABLE OF AUTHORITIES
<u>(continued)</u>

**<u>Page(s)</u>**

*Smith v. BarnesandNoble.com, LLC,*
    143 F. Supp. 3d 115 (S.D.N.Y. 2015)........................................................................8

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.,*
    118 F.3d 955 (2d Cir. 1997)...................................................................................16

*TechnoMarine SA v. Jacob Time, Inc.,*
    No. 12 Civ. 0790 (KBF), 2012 WL 2497276 (S.D.N.Y. June 22, 2012) .................7

*UAB "Planner 5D" v. Facebook, Inc.,*
    No. 19-CV-03132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ...............5

*Ventura Content, Ltd. v. Motherless, Inc.,*
    885 F.3d 597 (9th Cir. 2018) .................................................................................17

*Warren v. John Wiley & Sons, Inc.,*
    952 F. Supp. 2d 610 (S.D.N.Y. 2013)....................................................................14

*Wolf v. Travolta,*
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) .................................................................18

*Wolk v. Kodak Imaging Network, Inc.,*
    840 F. Supp. 2d 724 (S.D.N.Y. 2012*), aff'd sub nom.*
    *Wolk v. Photobucket.com, Inc.,* 569 F. App'x 51 (2d Cir. 2014) .......................7, 8, 13, 14, 15

## TABLE OF AUTHORITIES
<u>(continued)</u>

**<u>Page(s)</u>**

### RULES & STATUTES

17 U.S.C. § 106....................................................................................................2, 4, 17

17 U.S.C. § 507............................................................................................................17

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 6

I.     **NATURE AND STAGE OF THE PROCEEDINGS**[1]

BDG Media, Inc. ("BDG") respectfully moves to dismiss the Amended Complaint of

Plaintiff Tom Hussey Photography, LLC ("THP") pursuant to Federal Rule of Civil Procedure

12(b)(6), based on THP's failure to plausibly allege actionable conduct by BDG within the

applicable statute of limitations (or at any time) sufficient to state a claim for direct copyright

infringement, as well as its failure to allege facts that could support a claim for vicarious or

contributory infringement.  The Honorable Maryellen Noreika of the District Court for the

District of Delaware rightly dismissed THP's original Complaint (which only contained a claim

for direct infringement), and its Amended Complaint fails to cure the deficiencies set forth in

Judge Noreika's Order dismissing the Complaint (*see* D.I. 18, the "Order").  THP's new indirect

infringement claims are similarly unviable.

II.    **SUMMARY OF ARGUMENT**

The transferor court's Order dismissing THP's Complaint was well-reasoned: "BDG's

acqui[sition] and [] manage[ment] [of] Flavorwire, which host[ed] a 2011 article displaying

THP's copyrighted work[,]" is not a "volitional act of copyright infringement."  Order at 3-5.

THP's Amended Complaint changes nothing, and there is no case law in the Second Circuit that

warrants a different outcome.

---

[1] In the Court's April 28, 2021 Order, it directed BDG to "file a supplemental brief, updating ECF No. 28 with case law from this circuit where possible."  D.I. 40.  Annexed hereto as **Exhibit A** is a red-lined document comparing ECF No. 28 with this brief to demonstrate that BDG limited its supplemental briefing as directed by the Court.  Furthermore, the declarations of Bradley J. Mullins ("Mullins Decl."; D.I. 29) and Jessica Stukonis ("Stukonis Decl."; D.I. 30), which were submitted to the transferor court in support of BDG's motion to dismiss the Amended Complaint or to transfer (D.I. 28), are incorporated herein by reference.  Also incorporated herein by reference is the "Summary of Argument" from BDG's memorandum of law in support of its initial motion to dismiss the original Complaint or to transfer (D.I. 10 at 1-2).  This summary was not included in BDG's briefing in connection with the Amended Complaint (ECF No. 28), as such briefing was originally directed to an audience that would not benefit from the redundancy.

Rather than remedy the defects already identified by the transferor court (which it cannot do), THP's Amended Complaint contains more irrelevant allegations regarding BDG's *general maintenance and management* of its websites – *e.g.*, site-wide updates (*over seven years* after the photographs were embedded) to Flavorwire's Privacy Policy, Copyright Policy, Terms of Service, and sitemap (D.I. 26, "Am. Compl." ¶¶ 12-18, 35-37), or the use of display advertising that updates without any intervention from BDG (*id.* ¶¶ 23-33).  These allegations are unrelated to the purported infringements of the photographs at issue, and cannot conceivably constitute "volitional conduct" for the reasons already detailed by the court.  At best, these allegations only underscore that BDG did not engage in any acts giving rise to a violation of 17 U.S.C. § 106.

Nor can THP resuscitate its defective infringement claim by inserting new references to the use of the photographs on a separate website Pinterest (which is not alleged to be owned or controlled by BDG), which THP claims are still being "currently" displayed.  Am. Compl. ¶¶ 38, 39.  These demonstrably false and conclusory allegations cannot remedy THP's faulty claims, as they still fail to support any claim for direct infringement by BDG.

Because THP knows its direct infringement claims are doomed, it goes beyond the scope of permitted amendment (*compare* D.I. 21-1, *with* D.I. 26) and haphazardly attempts to assert new claims for vicarious and contributory liability against BDG based on the same general allegations from its original Complaint, *i.e.*, that BDG maintains and manages its website.  But THP's efforts to fit a square peg into a round hole fail, as THP does not plead allegations sufficient to support required elements of such claims, including identifying infringement by third parties, or alleging knowledge by BDG of such infringement.  These shortcomings are fatal.

Despite being given the opportunity to amend (and being put on specific notice of the fatal deficiencies in its claims), THP's Amended Complaint fails to correct the deficiencies in its

new, threadbare theories.  THP's Amended Complaint should therefore be dismissed with prejudice.

### III.   STATEMENT OF FACTS

#### A.   THP's Initial Allegations[2]

THP filed its original Complaint in the District of Delaware.  D.I. 1.  THP alleged it is the assignee of the copyrights in nine images originally owned by its principal, Hussey.  D.I. 1, ¶ 2.[3] Hussey claims to be an "award-winning photographer" specializing in commercial advertising and lifestyle photography, and the original author of the photographs at issue (the "Photographs").  *Id.*, ¶¶ 3, 8.  THP alleged that the Photographs were reproduced at a series of website URLs associated with third-party site Wordpress.com, all of which relate to a single article posted to flavorwire.com ("Flavorwire") on March 23, 2011 (the "Article").  *Id.*, ¶ 13, Ex. D.[4]  THP further alleged that BDG, which was incorporated two years after the date of the Article, acquired Flavorwire from its previous owner (Flavorpill) on or about August 15, 2018, and that BDG has been "directly operating and managing" Flavorwire since then.  D.I. 1, ¶¶ 10-11; D.I. 11, Ex. B.  Based on that general operation of Flavorwire, THP asserted a single cause of action against BDG for direct copyright infringement.  D.I. 1, ¶¶ 21-29.

---

[2] The allegations in Sections III.A and III.C are taken from THP's original and Amended Complaints. To the extent they plead plausible facts, they are presumed true for the purposes of this motion.  BDG reserves the right to challenge these allegations if this lawsuit proceeds.

[3] It is unclear whether it is Plaintiff or Hussey that is actually the owner of the Photographs. While Plaintiff claims to be the owner before this Court, in a separate lawsuit filed by different lawyers earlier this year, Hussey expressly alleged that he—not Plaintiff—was "the sole owner of the exclusive rights" in some of the very same Photographs. *See* D.I. 11, Ex. G (*Hussey v. Style Pantry LLC*, Case No. 2:20-cv-00721 (C.D. Cal.), at ¶¶ 8, 11, 14, 17, 23, 26).

[4] All references to WordPress, where THP alleged the Photographs were posted, are omitted from the Amended Complaint, without explanation.  *Compare* D.I. 1, ¶ 13, *with* D.I. 26, ¶ 20.

**B.    The Transferor Court's December 18 Order Dismissing the Original
        Complaint**

BDG moved to dismiss THP's Complaint, or, in the alternative, to transfer.  D.I. 9.  On

December 18, 2020, the transferor court dismissed the Complaint on the basis that BDG did not

engage in volitional conduct that would violate one or more of the exclusive rights under Section

106 of the Copyright Act (Order, at 4-5), and warned that "Plaintiff [should] carefully consider

its choice of forum should it decide to amend its pleading." *Id.* at 6, n.3.  In pertinent part, the

transferor court opined as follows:

- "Plaintiff has failed to allege that BDG committed a volitional act of copyright
  infringement. The only volitional conduct alleged is that BDG acquired and thereafter
  managed Flavorwire, which hosts a 2011 article displaying Plaintiff's copyrighted work."
  Order at 3.

- "Plaintiff has not alleged that BDG caused Flavorwire to display the copyrighted images."
  *Id.*

- "To the extent Plaintiff argues that BDG should be liable for declining to take down the
  2011 article after it acquired Flavorwire, this omission is neither volitional conduct nor
  infringing conduct as contemplated by the Copyright Act."  *Id.* at 3-4 (citations omitted).

- "Plaintiff does not explain how BDG 'reproduced' the copyrighted images, and the Court
  finds that the pleadings do not reasonably support this conclusory allegation. Plaintiff's
  allegation that BDG 'displayed' the copyrighted images appears based on a broad
  definition of 'display.'"  *Id.* at 4.

- "[The cases cited] do not support Plaintiff's theory that BDG committed copyright
  infringement solely by leaving the copyrighted images on the Flavorwire website."  *Id.* at
  5.

- "Because BDG's only alleged volitional act was acquiring a website that hosted allegedly
  infringing copies of Plaintiff's work, Plaintiff has not stated a claim of direct copyright
  infringement."  *Id.* at 6.

- "[T]he Court disagrees that a passive act of 'distribution' satisfies the volitional conduct
  requirement for infringement liability."  *Id.* at 6, n.2.

THP thereafter moved to amend the Order to permit THP to file an amended pleading,

and submitted a proposed amended pleading at the transferor court's request.  D.I. 21, Ex. 1.

THP then filed an Amended Complaint on March 3, 2021 in the District of Delaware, which was materially different than the proposed amended complaint previously submitted to the court. *Compare id.*, *with* D.I. 26.

### C.    THP's Amended Allegations

THP's Amended Complaint adds a series of allegations, all of which pertain to BDG's management and maintenance of Flavorwire after its acquisition:  (i) BDG updated the Privacy Policy, Copyright Policy, and Terms of Service applicable to the entire Flavorwire platform to, among other things, indicate its ownership of Flavorwire (D.I. 26, ¶¶ 13-18); (ii) like almost every functioning website, BDG incorporated display advertising, which appears in the form of relevant, timely advertisements on each page within the website, regardless of an article's age (*id.*, ¶¶ 23-31, Exs. G-K); and (iii) utilized search engine optimization strategies, such as updating the sitemap of Flavorwire to indicate that webpages had been recently updated (*id.*, ¶¶ 36-37).[5]  THP further alleges that links to the Article were included in posts made to a third-party website, Pinterest, without alleging who posted those links, or when.[6]  D.I. 26, ¶ 39, Ex. M.  THP also purports to assert an additional cause of action, for indirect infringement.  *Id.* ¶¶ 54-66.

---

[5] To be clear, any updates to the sitemap of Flavorwire had nothing to do with the Photographs, which never resided on BDG's servers.  D.I. 1, ¶ 13, Ex. D (conceding that the Photographs were reproduced on Wordpress, a third-party site, and not on Flavorwire).

[6] The Pinterest posts were uploaded by Flavorpill, presumably when the original article was posted, and contain the same text and images as the original article.  *See* D.I. 26, ¶ 39, Ex. M. THP's allegations that the Pinterest posts are "currently" displayed is false, as they were removed immediately upon notice by THP in or around January of 2021.  THP further alleges that BDG has "refused to cease all infringing public displays and distributions of all copies of the Copyrighted Works."  D.I. 26, ¶ 62. As THP knows, this is demonstrably false, as the uses on the Flavorwire Website were eliminated well before the original Complaint was filed, and the Pinterest posts were removed upon first notice of such posts.  Stukonis Decl., ¶ 16, Ex. 2.  *See UAB "Planner 5D" v. Facebook, Inc.*, No. 19-CV-03132-WHO, 2019 WL 6219223, at *2 (N.D. Cal. Nov. 21, 2019) (at motion to dismiss stage, taking judicial notice of screenshots of a website taken by a party) (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

### D.    The Parties

THP is a limited liability company.  D.I. 26, ¶ 2; Mullins Decl., Ex. C.  Hussey, is the

original author of the photographs and THP's principal.  D.I. 26, ¶ 2, Ex. A.  Starting in 2016,

THP (or Hussey himself) has filed suits throughout the country, the majority of which were

based on some of the photographs at issue here.  Mullins Decl., ¶ 6-9 & Exs. D-F.

BDG is a digital media company that operates a number of websites, including, as

relevant in this case, Flavorwire.  Stukonis Decl. ¶ 2.  The Flavorwire website is not currently

operational, and has not been operational since December 2019.  *Id*., ¶ 6.

The writer of the Article, Caroline Stanley, is not and has never been an employee of

BDG.  Mullins Decl., Exs. A, G.  The prior owner of Flavorwire is Flavorpill Productions LLC

d/b/a Flavorpill Media.  Mullins Decl., Ex. I.

## IV.    ARGUMENT

### A.    <u>THP's Claims Should Be Dismissed Pursuant To Rule 12(b)(6)</u>

Under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While a court must

"[accept] the allegations contained in the complaint as true and [draw] all reasonable inference in

favor of the nonmoving party," *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), a

complaint that offers mere "'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.'"  *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 545).

A limitations defense may provide a basis for dismissal where the time bar is apparent on

the face of the complaint, or from judicially noticeable documents.  *See Minden Pictures, Inc. v.

Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 466-67 (S.D.N.Y. 2019); *O'Boyle v. Braverman*, 337 F.

App'x 162, 164 (3d Cir. 2009).

"It is well settled that in ruling on [] a motion [at the pleading stage], a district court may consider 'the facts as asserted within the four corners of the complaint' together with 'the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007)).   In a copyright infringement action, these documents include the "works in question." *Peter F. Gaito Architecture*, 602 F.3d at 64; *see also TechnoMarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790 (KBF), 2012 WL 2497276, at *1, n.1 (S.D.N.Y. June 22, 2012) (court may consider judicially noticed facts "even if the corresponding documents are not attached to or incorporated by reference in the complaint") (internal quotations and citations omitted); *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 645, n.1 (S.D.N.Y. 2011) (court may judicially notice documents in plaintiff's possession or of which plaintiff knew and relied on in bringing suit) (internal quotations and citations omitted).  The Court may also take judicial notice of the record of a prior proceeding, and other matters of public record.  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

### 1.    THP Still Fails To Allege Any Direct Infringement By BDG

The transferor court correctly recognized that "[t]o allege direct copyright infringement, 'a plaintiff must allege volitional conduct on the part of the defendant.'"  D.I. 18 at 3 (quoting *Parker v. Google, Inc.*, 242 F. App'x 833, 836 (3d Cir. 2007)); *see also Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012*), aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) ("Direct liability requires 'volitional conduct' that 'causes' the infringement.") (quoting *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) ("Cablevision")); *Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493 (LAP), 2019 WL 5199431, at *22 (S.D.N.Y. Sept. 30, 2019) ("The 'pivotal factor' in

determining whether there was such a 'volitional act' is the 'initiation of the act of copying.'")
(quoting *In re AutoHop Litig.*, No. 12 CIV. 4155 LTS KNF, 2013 WL 5477495, at *6 (S.D.N.Y.
Oct. 1, 2013)); *Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 118 (S.D.N.Y. 2015),
*aff'd on other grounds*, 839 F.3d 163 (2d Cir. 2016) (dismissing plaintiff's copyright action
because "the lack of volitional conduct on [d]efendant's part precludes Plaintiff's claim for direct
copyright infringement").  The allegations in THP's Amended Complaint still fail to satisfy this
volitional conduct requirement.

At their essence, THP's factual allegations still allege only that BDG (i) acquired
Flavorwire in August 2018 by way of an asset purchase, and (ii) that BDG has been operating
and managing the website since that time.  *See* D.I. 26, ¶¶ 10-11; 13-37.  When it comes to actual
use of the Photographs in the Article (posted years before BDG purchased Flavorwire), however,
THP still does not allege that BDG played any part in deciding to post the Photographs to the
URLs listed in the initial Complaint (locations that have been omitted for purposes of the
Amended Complaint).  Thus, THP's allegations are not substantively different from those in its
initial Complaint, and fail to state a claim for the same reasons the transferor court previously
recognized.

At most and as before, THP alleges only that BDG now operates a website that embedded
allegedly infringing content posted by someone else seven years before BDG was involved with
that website (and two years before BDG even existed).  *See* D.I. 26, ¶ 11; Mullins Decl., Ex. B.
But the law is clear that "the display of copyrighted images on a defendant's website does not
demonstrate volition."  *Wolk*, 840 F. Supp. 2d at 742–43; *see also Perfect 10, Inc. v. Giganews,
Inc.*, No. CV11-07098 AHM SHX, 2013 WL 2109963, at *8 (C.D. Cal. Mar. 8, 2013), *aff'd*, 847
F.3d 657 (9th Cir. 2017) ("An allegation that Defendants control the content on their servers,

without a good-faith allegation specifying how Defendants exercised that control to directly

create copies, cannot alone create an inference that Defendants engaged in a volitional act

directly causing infringement.").   Indeed, the theory that a passive host can be liable for an

infringement it did not "cause" was squarely rejected by the Second Circuit in *Cablevision*.   See

536 F.3d at 130–33.

THP's newly added allegations merely pertain to BDG's management of the overall

Flavorwire website; they do nothing to support any volitional conduct with respect to any

infringement of the Photographs.   The vast majority of THP's new allegations simply reflect the

unremarkable fact that BDG – like any website operator – regularly updates the overall code of

its website, by, *inter alia*, updating its terms of service, incorporating display advertising, or

adding continuously updated links to other website content.[7]  But it is not Flavorwire's terms of

service, or any advertising displayed on that website, that THP claims is infringing.   It is the use

of the Photographs in the Article that is alleged to have been infringing, and THP has alleged no

volitional conduct by BDG with respect to that act or any other act that would violate one of the

exclusive rights under copyright law.   In other words, the new allegations in THP's Amended

Complaint amount to nothing more than BDG's "general operation" of its website – its updating

of the electronic frame that surrounds all of the content on Flavorwire.   This is just the sort of

conduct that courts, like the transferor court before, find insufficient to state a claim for direct

copyright infringement.  *Perfect 10, Inc.*, 847 F.3d at 670; *see also Parker*, 242 F. App'x at 836-

---

[7] THP's allegation, on "information and belief," that BDG employees "necessarily" created
copies of the webpages containing the embedded Photographs in order to add display advertising
or perform other general updates is entirely implausible, and reflects a gross misunderstanding of
how websites operate – not to mention that it conflicts with the prior allegations that the
Photographs were hosted on WordPress.com and embedded into Flavorwire.  D.I. 1, ¶ 13. Such
updates are conducted through alterations to the website's underlying code, not by creating
copies of individual webpages and manually adding specific advertisements or content.

37 (affirming dismissal of infringement claim against defendant that allegedly archived plaintiff's copyrighted work and made it "accessible to others," based on failure to allege "any volitional conduct").[8]

Nor can THP salvage its direct infringement claim by making conclusory allegations (in passive voice) that individuals that viewed the Article "received" a copy of the Photographs, which THP alleges resulted in BDG having "distributed" copies of the Photographs.  D.I. 26, ¶ 37.  This, however, is just the sort of passive conduct that courts have also long recognized fails to satisfy the volitional conduct requirement.  *See*, *e.g.*, D.I. 18 at 6 n.2 ("the Court disagrees that a passive act of 'distribution' satisfies the volitional conduct requirement for infringement liability"); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1368-69 (N.D. Cal. 1995) ("the mere fact that Netcom's system incidentally makes temporary copies of plaintiffs' works does not mean Netcom has caused the copying").  Similarly unavailing is THP's allegation that BDG "chose content acquired from Flavorpill to remove from display on [Flavorwire], and content purchased from Flavorpill to continue displaying on [Flavorwire]."  D.I. 26, ¶ 22.  This allegation – which again mentions nothing specific to the Photographs – is, at best, an allegation that BDG failed to remove the allegedly infringing Photographs when it purchased Flavorwire.  Judge Noreika already recognized, however, that "this omission is neither volitional conduct nor infringing conduct as contemplated by the Copyright Act."  D.I. 18 at 4 (citing *Leonard*, 2013 WL 5288266, at *8) ("While it may be true that Stemtech could have ended its distributors' infringement with literally a push of a button,

---

[8] Indeed, holding otherwise would largely eviscerate the volitional conduct requirement in the context of online infringement, as a website operator could be found to have a committed a volitional act with respect to every piece of content on its website whenever it updated its overall website code, regardless of any intentional act with respect to any specific content included on those pages.

that is of little significance in the direct infringement inquiry; what matters is whether it can be said that *volitional conduct* on the part of the defendant *caused* the infringement.") (internal quotation marks and citations omitted) (emphasis in original), *report and recommendation adopted*, ECF No. 217 (D. Del. Oct. 4, 2013) (docket entry only).  THP's direct infringement claim also cannot be salvaged based on its vague allegation that BDG somehow "displays and uses" two of the Photographs via posts made to Pinterest, a separate website not alleged to be controlled by BDG.  While Plaintiff does not allege when or by whom these supposed "Pinterest Posts" were created,[9] THP does allege that the Pinterest Posts merely constitute links to the Article.  D.I. 26, ¶ 39.  But providing a link to a website containing infringing material does not, as a matter of law, constitute direct copyright infringement.  *See MyPlayCity, Inc. v. Conduit Ltd.*, No. 10 CIV. 1615 CM, 2012 WL 1107648, at *12 (S.D.N.Y. Mar. 30, 2012), *adhered to on reconsideration*, No. 10 CIV. 1615 CM, 2012 WL 2929392 (S.D.N.Y. July 18, 2012) ("Because the actual transfer of a file between computers must occur, merely providing a 'link' to a site containing copyrighted material does not constitute direct infringement of a holder's distribution right."); *see also Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1161 (9th Cir. 2007).

Moreover, BDG cannot be held liable for the earlier conduct of Flavorwire's prior owners for yet another, independent reason: Plaintiff expressly alleges that BDG's acquisition of Flavorwire "was accomplished by way of an asset purchase, not an acquisition of Flavorpill." Am. Compl., ¶ 10.  Under well-settled law, "a corporation which acquires the assets of another is not liable for the torts of its predecessor." *Schumacher v. Richards Shear Co*., 59 N.Y.2d 239, 244, 451 N.E.2d 195, 198 (1983) (under New York law); *see also Douglas v. Stamco*, 363 F. App'x 100, 103 (2d Cir. 2010) (affirming dismissal at the pleading stage because the "plaintiff

---

[9] It is implausible that such posts would be created years after the Article's publication date.

[wa]s unable to substantiate a claim for successor liability under New York law").[10]

Simply put, THP has not alleged, and cannot allege, any actionable conduct *by BDG*.  Its direct copyright infringement claim against BDG must be dismissed with prejudice.

### 2.      THP Does Not Sufficiently Allege its Secondary Liability Claims

Effectively acknowledging that BDG cannot be held liable for direct copyright infringement, THP now attempts to assert a separate cause of action for "indirect liability," arguing that BDG is contributorily or vicariously liable for the purported infringement.  Of course, THP was not granted leave to assert new claims, and the Court can reject this indirect liability cause of action on that basis alone.  *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").[11]  In any event, THP's threadbare allegations regarding BDG's general operation and management of a website that may have embedded infringing content posted by someone else seven years before BDG was involved, is insufficient to give rise to secondary liability under the Copyright Act.  This was expressly set forth in cases cited by the transferor court in its Order, which the court already noted THP "ignor[ed]" and "overlook[ed]" in its initial briefing on BDG's motion to

---

[10] In BDG's original Motion to Dismiss the Amended Complaint, filed with the transferor court, it expressly preserved its successor liability, lack of standing, and ownership arguments (*see* D.I. 28, at p. 8, n.5), which were all set forth in its original Motion to Dismiss the original Complaint. *See* D.I. 10 at p. 3, n.2, 9.  While BDG has limited this supplemental brief to "updating ECF NO. 28 with caselaw from this circuit where possible," as instructed by this Court (*see* D.I. 40), it has added herein its original briefing of these arguments to make the Court aware of same, and to update such briefing with Second Circuit case law.

[11] Indeed, THP's proposed Amended Complaint (D.I. 21, Ex. 1) is materially different than the Amended Complaint it actually filed.  *See* D.I. 26.

dismiss.  *See* Order at 5, n.1 (collecting cases).[12]  The same outcome is warranted here.  See

*Wolk v. Kodak*, 840 F. Supp. 2d at 751 (S.D.N.Y. 2012) (dismissing secondary liability claims

where there was no evidence that defendants "acted in concert to infringe upon the Plaintiff's

rights"); *Lopez*, 2019 WL 5199431, at *23 (dismissing claims for direct and indirect liability at

the pleading stage where the plaintiff failed to allege the requisite elements of such claims).

Tellingly, THP's "indirect liability" claim is a hybrid of two causes of action, each

missing key factual elements.  "To establish a claim for contributory copyright infringement, a

plaintiff must allege that the defendant 'with knowledge of the infringing activity, induce[d],

cause[d], or materially contribute[d] to the infringing conduct of another.'" *Brought to Life*

*Music, Inc. v. MCA Records, Inc.*, No. 02 CIV. 1164(RWS), 2003 WL 296561, at *2 (S.D.N.Y.

Feb. 11, 2003) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159,

1162 (2d Cir. 1971)).

Here, THP's Amended Complaint does not identify a third-party infringer,[13] and does not

sufficiently allege that BDG had knowledge – constructive or otherwise – that a third party's

conduct (engaged in prior to BDG's acquisition of Flavorwire) was infringing.  *See Wolk*, 840 F.

---

[12] In *Parker v. Paypal, Inc.*, for example (cited by the transferor court in its Order), the secondary liability claims were dismissed as "conclusory and entirely unsupported by any factual allegations showing that [the defendants] acted in concert with the alleged infringers" and because the "[d]efendants' conduct was entirely passive."  *See* No. CV 16-4786, 2017 WL 3508759, at *5 (E.D. Pa. Aug. 16, 2017).

[13] Indeed, THP exclusively identifies BDG as the allegedly infringing party.  *See*, *e.g.,* D.I. 26, ¶ 19 ("On October 25, 2018, THP was informed for the first time that [BDG] was infringing its exclusive copyrights").  None of the allegations in the Amended Complaint expressly mention any independent distributors, nor otherwise pin responsibility for infringement on anyone other than BDG itself.  It is well-settled that in order to state a cause of action for contributory infringement or vicarious infringement, a plaintiff must identify *another party* who was responsible for the direct infringement (to which the defendant contributed in some way).  *See Leonard*, 2013 WL 5288266, at *10.  Both secondary liability claims fail for this reason alone.

Supp. 2d at 750 (dismissing contributory copyright infringement claim, noting that "the plaintiff must also demonstrate the defendant's knowledge of the infringing activity").  *See Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013) (dismissing as conclusory the allegation that individual defendants "had knowledge, information, and control over [the] infringements").[14]

Further, THP fails to plead plausibly the element that BDG *materially contributed* to the alleged infringement of its copyrights, which requires the plaintiff to make "fact-based allegations" that the defendants "authorized, or played [a] part . . . in the alleged infringement." *Warren*, 952 F. Supp. 2d at 619; *see also Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing contributory infringement claims where "no details [were] provided" regarding individual defendants' participation in the alleged infringements).  The bar for pleading a material contribution is set high:

> Participation in the infringement must be substantial. The authorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.

*Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (citations omitted).  "An allegation that a defendant 'merely provid[ed] the means to accomplish an infringing activity' is insufficient to establish a claim for contributory infringement." *Wolk*, 840 F.Supp.2d at 750 (quoting *Livnat v. Lavi*, 96–CV–4967, 1998 WL 43221, at *3 (S.D.N.Y. Feb. 2, 1998)).  "Rather, participation in the infringement must be 'substantial' and the 'authorization or

---

[14] Even if BDG did have constructive knowledge "that it did not possess any license, authorization or other permission" to use the Photograph – which BDG does not concede – such allegations (*see* D.I. 26, ¶ 56) are irrelevant in the context of *contributory* liability, and instead speak to a theory of direct infringement, which is not viable for the reasons already discussed. Furthermore, any implication by THP that BDG failed to heed notice of the purported infringement is false, as THP cannot dispute that at the time BDG received notice, the Photographs were not even still available on the site.  Stukonis Decl. ¶ 16, Ex. 2.

assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.'" *Brought to Life Music*, 2003 WL 296561, at *2 (quoting *Livnat*, 1998 WL 43221, at *3). Thus, "one who furnishes a copyrighted work to another but is innocent of any knowledge of the other party's intended illegitimate use will not be liable.'" *Wolk*, 840 F.Supp.2d at 750 (quoting *Livnat*, 1998 WL 43221, at *3).

Here, there is no allegation that BDG acted in concert with any third party with respect to any infringing act, much less that it materially contributed to some third party's infringement (which is alleged to have occurred well before BDG even existed). *See also Live Face on Web, LLC v. The Control Grp. Media Co., Inc.*, 150 F. Supp. 3d 489, 499 (E.D. Pa. 2015) (dismissing contributory copyright infringement claim where the "necessary element of volition [wa]s missing" sufficient to show that the defendant "materially contributed" to the infringement). THP similarly fails to allege that BDG induced a third party to commit infringement. *See Abbey House Media, Inc. v. Apple Inc.*, 66 F. Supp. 3d 413, 421 (S.D.N.Y. 2014) ("Inducement of copyright infringement requires purposeful, culpable expression and conduct that encourages copyright infringement") (quoting *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005)).  The Amended Complaint is devoid of any factual allegation of such purposeful or culpable behavior by BDG.

To allege vicarious copyright infringement, THP must plead sufficient facts to show that BDG (i) had the right and ability to control the infringing conduct and (ii) received a direct financial benefit from it.  *See Lopez,* 2019 WL 5199431, at *23 (dismissing vicarious infringement claim at the pleading stage); *Berry v. Deutsche Bank Tr. Co. Americas*, No. 07 CIV. 7634 (WHP), 2008 WL 4694968, at *1 (S.D.N.Y. Oct. 21, 2008), *aff'd*, 378 F. App'x 110 (2d Cir. 2010) (same).

With respect to BDG's "right and ability to control the infringing conduct," THP merely alleges, in a conclusory and vague fashion, that "Defendant had and exercised complete authority and control over the content of the BDG Display Pages, the Website, and the Pinterest Posts." D.I. 55, ¶ 22.  This vague allegation ignores the allegedly infringing act, committed a decade ago, and falls well short of the pleading standards set forth in *Twombly*, 550 U.S. at 555.  *See Gench v. HostGator.com LLC*, No. 14 Civ. 3592(RA)(GWG), 2015 WL 3757120, at *11 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, No. 14-CV-3592 (PA), 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (dismissing contributory and vicarious infringement claims where the allegations were "too vague" and "conclusory"); *see also Lopez*, No. 2019 WL 5199431, at *23.

Vicarious infringement also requires that the defendant have "an obvious and direct financial interest in the exploitation of the copyrighted materials." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (citations omitted) (dismissing vicarious infringement claim because there was no "direct financial interest"); *see also Berry*, 2008 WL 4694968, at *5.  THP's vague references to "profits" (*see*, *e.g.*, D.I. 26, ¶ 58) earned by BDG do not sufficiently allege a direct financial interest in the purported infringing activity, *i.e.*, the use of the Photographs in the Article.  *See*, *e.g.*, *Parker v. Google,* 422 F. Supp. 2d 492, 499-500 (E.D. Pa. 2006), aff'd, 242 F. App'x 833 (3d Cir. 2007) (vicarious infringement claim dismissed based on failure to allege defendant had a direct financial interest in the allegedly infringing activity).

THP does not allege any plausible facts demonstrating customers are drawn to BDG's websites due to the availability of a nearly-decade old Article.  At most, THP alleges that BDG generally promotes Flavorwire and includes advertising on the website; it does not allege that the

Photographs themselves act as any draw, or directly financially benefit BDG. Thus, BDG does not have an "obvious and direct financial interest in the exploitation of copyrighted materials," such that it could be found vicariously liable. *See id.* at 500; *see also Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 613 (9th Cir. 2018) (despite receiving advertising revenue, defendant did not directly benefit from work at issue).

### 3. THP's Copyright Infringement Claims Are Untimely

Even if THP were able to allege any conduct giving rise to liability on the part of BDG, its claims would nevertheless fail for a second, independent reason – they are wholly barred by the Copyright Act's statute of limitations. The Copyright Act requires that any claim be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). As BDG previously argued, the content located at the URLs listed in THP's Amended Complaint demonstrates, on its face, that the Photographs were posted in March 2011 by an entity other than BDG (Mullins Decl., Ex. A; Am. Compl., Ex. G), and THP's Amended Complaint says nothing to excuse the fact that its lawsuit was thus six years too late, and against an entity that had nothing to do with the infringement.

It also does not matter that Flavorwire came under new ownership in 2018. Merely obtaining ownership of a website does not violate any of the exclusive rights provided by Section 106 of the Copyright Act; that act of asset acquisition does not, in and of itself, result in any new reproduction, distribution, or display of the content available on the website. Plaintiff has not plausibly alleged any new volitional conduct *by BDG* within the three years preceding this lawsuit, and the purported continuing harm caused by the Photographs being posted to Flavorwire in 2011 cannot serve as a basis for never-ending liability against whoever might later come to own the website. *Cf. Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("the allegedly infringing document's continued presence on defendant's website through

2014 at best constitutes 'harm from [a] past violation[ ] that [was] continuing' through 2014, and not a 'new wrong' that gave rise to '[s]eparately accruing harm' within the limitations period." (quoting *Petrella v. Metro Goldwyn Mayer, Inc.*, 134 S. Ct. 1969, 1969 n. 6 (2014)).

As THP's copyright infringement claim accrued when the Photographs were posted by Flavorpill in 2011, and because THP cannot identify any subsequent infringements by BDG, its claim is time-barred and should be dismissed.  *See also Minden*, 390 F. Supp. 3d at 467 (dismissing at the pleading stage claims relating to photographs that plaintiff, a "seasoned litigator," should have discovered within "the three-year statute of limitations"); Mullins Decl. ¶¶ 6-10 & Exs. D-F (demonstrating that THP is a serial litigator, having filed at least twenty copyright infringement lawsuits against various defendants throughout the country in the past five years).

## V.      <u>CONCLUSION</u>

For the foregoing reasons, BDG respectfully requests that THP's Amended Complaint be dismissed, in its entirety, with prejudice.

New York, New York                          By: /s/ Eleanor M. Lackman
June 2, 2021                                          Eleanor M. Lackman
                                                             Bradley J. Mullins
                                                             Lindsay R. Edelstein
                                                             437 Madison Ave., 25th Floor
                                                             New York, New York 10022-7001
                                                             Telephone: (212) 509-3900
                                                             Facsimile: (212) 509-7239
                                                             eml@msk.com
                                                             bym@msk.com
                                                             lre@msk.com

                                                             *Attorneys for Defendant*
                                                             *BDG Media, Inc.*