| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>BOSTON<br>HOUSTON<br>DALLAS<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | <br>*FIRM and AFFILIATE OFFICES*<br><br>STEVEN M. COWLEY<br>DIRECT DIAL: +1 857 488 4261<br>PERSONAL FAX: +1 857 401 3090<br>*E-MAIL:* SMCowley@duanemorris.com<br><br>*www.duanemorris.com* | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

July 14, 2021

<u>**VIA CM/ECF AND EMAIL:**</u>

The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

      Re:   *Tom Hussey Photography, LLC v. BDG Media, Inc.*
              <u>C.A. No. 1:21-CV-03514-AT</u>

Dear Judge Torres:

      This letter is jointly submitted in response to the Court's instruction in the Civil Case Management Plan and Scheduling Order (ECF Doc. 50) that the parties "submit a joint letter regarding the jointly proposed method and timing of alternative dispute resolution."

      Following the Court's instruction, the parties conferred again regarding their alternative ADR proposals originally submitted in their letter to the Court dated July 6, 2021 (ECF Doc. 49). Unfortunately, the parties remain unable to reach agreement on the scope of pre-ADR discovery and the procedure to be employed if the dispute is to be submitted to early ADR.

      In light of the fact that the parties are unable to agree on mediation, or the discovery to be exchanged on a preliminary timetable (*i.e.*, discovery necessary to prepare for ADR, while comprehensive discovery is delayed), Plaintiff proposes that the Court refer the case to a settlement conference before a Magistrate Judge (which Plaintiff understands is the only ADR procedure Defendant is willing to consider), to be scheduled between October 15, 2021 and November 15, 2021 (approximately two weeks before and two weeks after the close of fact discovery, and at the latest one week prior to the November 22, 2021 Case Management Conference). In this way, discovery disputes will not be caused by disagreements concerning the scope of discovery appropriate to prepare for ADR. Such disputes otherwise appear very likely should an earlier ADR event be scheduled. Additionally, Plaintiff is confident that taking the time necessary to exchange meaningful discovery on the principal merits issues in dispute is

Judge Analisa Torres
July 14, 2021

necessary for both sides to fully assess or reassess their positions and participate meaningfully in a settlement conference. Plaintiff already has served its Initial Disclosures and requests for production of documents it believes are relevant to preparation for ADR. As a result, Plaintiff expects that parties will be in a position to make a meaningful assessment of their settlement positions by the dates proposed above.

Should the Court be concerned about the status of settlement discussions based on Defendant's statement below, Plaintiff will be happy to address any questions the Court may have. The statements in the Defendant's section below have changed multiple times this afternoon. Plaintiff does not agree that the Defendant's statement below accurately represents Monday's communications, but Plaintiff has found it impossible to present its view of the representations without the representations materially changing so Plaintiff will wait to be asked before trying again. More importantly for the purposes of the discussion of ADR, the fact that the parties have spent the afternoon unable to agree on the history of settlement discussions – which consist solely of a settlement demand made by Plaintiff on January 9, 2020 and no responsive settlement communication by Defendant to date - highlights that the parties' back-and-forth remains entirely sideways at this time. This is a principal reason Plaintiff believes a settlement conference should not be scheduled in sixty days as it remains highly unlikely that there will be sufficient forward movement to address the actual issues in dispute at a settlement conference conducted now. In three months the facts relating to the parties dispute will be a matter of record, and a settlement conference is more likely to be conclusive of this case.

**Defendant's Statement.** As before, Defendant proposes a conference before the magistrate judge within 60 days or as soon as is convenient for Magistrate Judge Cott, who is very knowledgeable of photography copyright matters and effective in resolving them at very early stages. In the proposed Case Management Plan (ECF 49-1 at ¶ 10(b)-(c)), Plaintiff had similarly proposed an early conference, albeit conditioned the early timeframe on Defendant using the District's Mediation Panel. Plaintiff's current position, that no settlement conference be had until the close of fact discovery, runs counter to the cost-saving objective of a motion to dismiss, which is presently *sub judice* here after Plaintiff agreed to transfer the case from a court that had already dismissed the action on the merits. While Defendant agrees that some very limited discovery on damages may be useful for purposes of settlement discussions (given that Defendant has moved for dismissal while Plaintiff maintains its position that the acquisition and general maintenance of a website is a separate act of infringement), Defendant believes that a limited scope on damages can be completed in 60 days. In particular, Defendant can readily produce data pertaining to any revenue received by Defendant attributable to the article from the date that Defendant took possession of the Flavorwire site through the date that the photographs in the article were no longer available (to the extent the latter follows the former), while Defendant could produce information pertaining to relevant editorial licenses, which forms the basis for calculating statutory damages in this District. *See Barcroft Media, Ltd. v. Coed Media Grp., LLC,* 297 F. Supp. 3d 339, 358 (S.D.N.Y. 2017) (awarding a three to five times multiplier of a "reasonable licensing fee"). This material is streamlined, easy to produce, not likely to lead to disputes, and would help identify the maximum likely recovery of damages if Plaintiff fully

Judge Analisa Torres
July 14, 2021

prevails, *i.e.*, is able to defeat the motion – as its comments above suggests Plaintiff is confident it will – and any summary judgment motion, *and* establish liability on the part of Defendant.

      While it is not clear from Plaintiff's new proposal whether the discovery Plaintiff has served is intended to simply be limited discovery for ADR or full document discovery, the discovery that has just been served is tellingly extensive.  The 27 requests seek a wide array of detailed information pertaining to the acquisition of the Flavorwire assets, technical data on a variety of aspects of the Flavorwire website, and other wide-ranging topics such as the purposes for Defendant's inclusion of a privacy policy on its site.  By indicating that discovery disputes might arise, Plaintiff effectively admits that its discovery is *not* targeted toward a settlement discussion.  This shifting tactic seeks not a resolution for the purpose of reducing litigation cost, but to run up cost for all on a type of matter where damages, even in cases brought timely against parties who engaged in infringing acts, nonetheless end up in resulting in near-nominal damage awards.  *Golden v. Michael Grecco Prods., Inc.*, No. 19CV3156NGGRER, 2021 WL 878587, at *8 (E.D.N.Y. Mar. 9, 2021) (defendant awarded $750 in statutory damages); *Otto v. Hearst Commc'ns, Inc.*, No. 1:17-CV-04712-GHW, 2020 WL 377479, at *2 (S.D.N.Y. Jan. 23, 2020) (estimating that a reasonable license fee was $100.00 for a photograph the plaintiff's counsel claimed was worth $4,000 and awarding $750 in statutory damages).

      Finally, Defendant must respectfully note that Plaintiff is incorrect regarding the parties' openness to a resolution notwithstanding the pending motion, just as Plaintiff's complaints about simple clarifying edits – that Plaintiff demanded this evening Defendant make – is similarly misconstrued.  While further detail is provided on the joint letter submitted on July 7, 2021, Defendant briefly notes that since Plaintiff made its offer on January 9, 2020, the case was dismissed, and subsequent rounds of briefing have happened since, which Defendant expected might have caused Plaintiff to take a fresh look at its demand.  Two days ago, in conjunction with the joint-letter exercise and in response to Defendant's request as to whether Plaintiff had a new offer, Plaintiff made it clear that its demand had not changed.  Therefore, the bottom line is that parties are and remain very far apart, and efforts to understand and work through the basis for Plaintiff's offer have been fraught and fruitless.  Accordingly, Defendant believes that an experienced neutral party's involvement and assistance at a settlement conference may facilitate a productive discussion that might bring this matter to a swifter, more economical end.  Defendant therefore respectfully requests that the matter be referred to a settlement conference before Magistrate Judge Cott to be held on a prompt basis.

      Respectfully,

      */s/  Steven M. Cowley*
      Steven M. Cowley
      Peggy S. Chen
      Duane Morris, LLP

Judge Analisa Torres
July 14, 2021

    *Counsel for Plaintiff Tom Hussey Photography, LLC*

    */s/ Eleanor M. Lackman*
    Eleanor M. Lackman
    Bradley Mullins
    Lindsay R. Edelstein
    Mitchell, Silberberg & Knupp LLP

    *Counsel for Defendant BDG Media, Inc.*

SMC
cc: All counsel of record pursuant to the ECF system