

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
eml@msk.com

October 26, 2021

**BY ECF**

Honorable James L. Cott
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street, Room 1360
United States Courthouse
New York, NY 10007

Re:   _Tom Hussey Photography, LLC v. BDG Media, Inc._, 21-cv-03514 (AT)

Dear Judge Cott:

On behalf of defendant BDG Media, Inc. ("BDG"), we write to the Court regarding various deficiencies in plaintiff Tom Hussey Photography, LLC's ("THP") discovery responses and production to date.  These issues remain unsettled following the parties' approximately 90-minute conference regarding same, which took place on October 22, 2021, with Steven M. Cowley present on behalf of THP, and Bradley J. Mullins and Lindsay R. Edelstein present on behalf of BDG.

## I.   Statement of Background Facts

The facts of this case are simple.  On March 23, 2011, nearly nine years before THP filed this lawsuit on March 20, 2020, a writer for Flavorpill Productions LLC (which is not a party to this action) ("Flavorpill") wrote an article about a Novartis advertising campaign (the "Article").  The ad campaign had included photographs that THP claims to own, and the Article was posted to the website www.flavorwire.com ("Flavorwire").  While BDG does not have access to full details for reasons explained below, it appears from THP's pleading that the writer uploaded the photographs from the ad campaign to a WordPress site (specifically, at "flavorwire.files.wordpress.com"), and the photographs were inline-linked to the Article on Flavorwire.

In 2018, BDG entered into an agreement to acquire certain assets from Flavorpill, primarily pertaining to the Flavorwire website.  BDG (which did not even exist when the Article was posted) had no relationship to Flavorpill or the Flavorwire website prior to that time and has no relationship to Flavorpill today.  The transfer was completed in the first part of 2019.  The Article, as with hundreds of old articles, remained on the Flavorwire website.  However, as the screenshot submitted with BDG's pending motion to dismiss reflects (_see_ Dkt. No. 30-1 at pp. 5-31), the claimed photographs were not linked or otherwise made visible in the Article at the conclusion of the asset purchase process.  In simple terms, BDG did nothing to republish the photographs that had been selected and uploaded by the writer of the Article to WordPress.  It appears that while the site transferred, the inline-linked photographs pertaining to this old Article did not come along with it.

Nevertheless, at the beginning of 2020, THP first contacted BDG, insisting that BDG pay it no less than a very large sum to resolve this dispute.  This was after THP pursued Flavorpill directly,

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com

13662710.2



but gave up and started pursuing BDG. Shortly after tendering notice of THP's claim, as well as THP's extortionate demand well in excess of the statutory maximum for infringement of a photograph – in the midst of a world-wide pandemic, and despite that THP is based in Texas and has sued in New York before, while BDG is based in New York – THP sued in Delaware.

Given the demand and the objective lack of merit of the case, not to mention THP's decision to cut off discussions, BDG had no choice but to move to dismiss the complaint, or, in the alternative, to transfer. Dkt. No. 9. On December 18, 2020, Judge Noreika issued a decision dismissing the complaint on the merits (Dkt. No. 18 (the "Order"), at 4-5), and additionally warned that "Plaintiff [should] carefully consider its choice of forum should it decide to amend its pleading." *Id.* at 6, n.3. Still, THP improperly filed an unapproved Amended Complaint in the District of Delaware. Dkt. No. 21, Ex. 1. BDG, again, moved to dismiss or to transfer, and the case, as well as the motion, was subsequently transferred to the Southern District of New York. Thereafter, Judge Torres ordered supplemental briefing on the motion, limited to updating the briefs with Second Circuit case law. Dkt. No. 40. With briefing on the pending motion completed on July 7, 2021, Judge Torres ordered discovery to proceed, with all fact discovery completed by November 3, 2021. Dkt. No. 50. Thereafter, the settlement conference before Your Honor was set for November 5, 2021. Dkt. Nos. 53, 59.

## II.   Discovery to Date

As detailed in the letters the parties recently submitted to Judge Torres (prior to the transfer to Your Honor for all discovery matters), THP largely failed to prosecute this matter, or otherwise meaningfully participate in discovery until October 12, 2021 – three weeks before the discovery cut-off – when he began sending a barrage of emails to BDG demanding same-day meet and confers for months-old discovery responses, and seeking broad discovery on a wide swath of irrelevant topics designed to burden and harass BDG.[1] THP cannot substantiate its need for such documents, and there is no case law supporting its argument that what it seeks is *relevant*.

BDG, on the other hand, seeks narrowly-tailored discovery from THP relating to, *inter alia*:

> (1) BDG's defense that THP should have discovered this decade-old use (by a non-party) with due diligence, particularly because THP admits that it has routinely searched for infringements online, via professional providers of such services, and through non-party "tips" for many years. *See, e.g., Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019) (dismissing claim on statute of limitations grounds where "a reasonable copyright holder . . . should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period"); and

---

[1] These requests seek, *inter alia*: all budgets for the operation of the entire website, financial statements for BDG showing all revenue, costs, profits and losses and *BDG's* gross revenues and net profits during the same time period; every communication BDG has received for any website relating to allegations of infringement (of copyright, trademark rights, or right of publicity), and all documents relating to search engine optimization efforts for the entire website. *See* Dkt. No. 62.



(2) BDG's argument that THP's extortionate demand bears no relationship to what it could actually stand to recover, given the well-established benchmark of a "reasonable license fee" in this District. *See Barcroft Media, Ltd. v. Coed Media Grp., LLC,* 297 F. Supp. 3d 339, 358 (S.D.N.Y. 2017) (awarding a three to five times multiplier of a "reasonable licensing fee").

Discovery demands seeking this information were served on August 6, 2021.[2]  As of October 13, 2021, THP had produced **no documents**, no privilege log, and provided deficient responses to various discovery demands.  Accordingly, BDG sent THP a detailed deficiency letter, which requested, by October 18, 2021: (a) a supplemental production and supplemented written responses to BDG's discovery demands; or (b) to the extent THP did not agree with the arguments in BDG's letter, counsel's availability for a meet and confer.  THP ignored the letter, produced no documents, failed to supplement its discovery responses, and did not provide its availability for a meet and confer.

Finally, after much prodding, on October 22, 2021, the parties conducted a lengthy meet and confer.  As of the date of the meet and confer, THP had produced ***no documents***.  Any time BDG had previously raised this issue with THP's counsel, he largely ignored it, retorting with purported deficiencies in BDG's production.  Alternatively, THP's counsel made the incredible argument that the exhibits annexed to THP's Amended Complaint constituted a "production."

During the meet and confer, THP's counsel promised to start a "rolling production" that would "maybe commence tonight, maybe tomorrow."  Following the meet and confer, BDG's counsel was hopeful and optimistic that the parties would be able to work together to wrap up discovery, particularly given that BDG's requests were so narrowly-tailored.  Unfortunately, however, that night, **THP's counsel sent a sham production, which appears to consist only of the exhibits to the Amended Complaint, with Bates numbers applied, and nothing else.**  To date, THP has provided no other production.  Thus, it is clear that the Court's intervention is necessary to compel THP to comply with even the most basic discovery obligations.

## III.   Materials THP Refuses to Produce, Answer, or Otherwise Respond To

During the meet and confer, the parties discussed THP's failure to produce the following categories of documents:

**Documents and communications concerning uses of the Photographs (both authorized and unauthorized) aside from as alleged in the lawsuit (RFP 6).**  THP refuses to produce documents responsive to this Request on the ground that there are "hundreds, perhaps more than a thousand" uses of this nature. As discussed below, during the meet and confer, THP agreed to produce evidence of "authorized" uses during the "Relevant Time Period"[3], but it has produced nothing of the sort.  It is

---

[2] The following are attached hereto: THP's Responses and Objections to BDG's Requests for the Production of Documents (**Exhibit A**); and THP's Answers and Objections to BDG's First Set of Interrogatories (**Exhibit B**).

[3] In THP's RFP Responses, it refused to produce responsive documents within the time frame specified by BDG, *i.e.*, beginning "one year before the creation of the Photographs, to and including the date of



Honorable James L. Cott
October 26, 2021
Page 4

BDG's position the *all* uses of the Photographs are relevant to the issue of timeliness, and it only asks for a reasonable, diligent search as required under the Federal Rules.

**Documents and communications relating to Plaintiff's first awareness of the Flavorwire Article, the Pinterest Posts, and other efforts by THP to discover potentially infringing uses (RFP 11).** THP offered only to produce "documents sufficient to identify the first notice sent by ImageRights that Copyrighted Works were located on the www.flavorwire.com website, and the communications by Counsel on behalf of Plaintiff with the Defendant through the date this Complaint was filed." This is insufficient given BDG's statute of limitations argument relating to THP's historical discovery of infringements.

**Identification of each person who THP corresponded with, directly or indirectly, relating to any uses of the Photographs in the Flavorwire Article or the Pinterest Article (Rog. 6).** In BDG's deficiency letter, it referenced the fact that THP corresponded with someone at Flavorpill prior to the lawsuit, which was not represented in THP's responses. During the meet-and-confer, THP admitted that he had omitted certain information from the response, but THP's counsel nonetheless refuses to supplement the responses and advised BDG's counsel to "go to the Court."

**Identification of each person who undertakes to discover potential infringements of Plaintiff's photographs (Rog. 12).** In response, THP references "random, unsolicited reports," but refuses to provide any evidence of same, despite hinting that the discovery of some of the images at issue was provided by "random, unsolicited reports." In response to RFP 13, THP states that its "efforts to investigate potential infringements of its photographs, including the Copyrighted Works, were based on random, unsolicited communications in which potential infringements were pointed out to the Plaintiff and the Plaintiff followed up to address them." BDG should receive all such documents and communications.

## IV.   Documents THP Has Failed to Produce Despite Agreeing To Do So

During the meet and confer, THP promised to produce, but has not produced, the following:

1.  Documents relating to payments received in connection with the Photographs (RFP 4);

2.  Documents relating to licenses entered into in connection with the Photographs (RFP 5);

3.  Documents concerning uses of the Photographs aside from as alleged in the lawsuit from August 1, 2018 to January 9, 2020 (RFP 6);

4.  Documents sufficient to identify the first notice sent by THP's agent Image Rights that the Photographs were used on the website located at the URL flavorwire.com (RFP 11);

---

service of these Requests." Instead, THP stated that it would provide responsive documents for the self-serving "Relevant Time Period," which it defined to "mean August 1, 2018 to January 9, 2020." This is unacceptable, as BDG's claims and defenses relate to, *inter alia*, pre-litigation investigation by THP and licensing. THP has indicated that it is omitting this limitation with respect to certain demands, but has not yet served its promised supplemental responses.



Honorable James L. Cott
October 26, 2021
Page 5

5. Documents sufficient to identify THP's first awareness of the Pinterest Post (RFP 12);

6. Responses to Interrogatory Nos. 7, and 8 identifying, for all authorized uses of the Photographs: (a) each Person with knowledge concerning uses of the Photographs (Rog. 7); and (b) each Person with knowledge concerning the total amount of revenue derived from the sale of license of the Photographs (Rog. 8).  At present, THP only identified: "Tom Hussey and various independent contractors who provided bookkeeping services to the Plaintiffs over the years, who Plaintiff cannot identify specifically without detailed research through records dating back over twelve years."

The foregoing discovery, which THP failed to provide despite its agreement to do so, should be compelled.  THP should also be compelled to produce a privilege log, which it also has not done.

*      *      *

With respect to all the items above, BDG informed THP during the conference that BDG believed the parties to be at an impasse (except to the extent THP agreed to meaningfully supplement its production and responses, which it did not do) and that BDG would be requesting a conference with the Court.

We are grateful for the Court's attention and assistance in this matter.

Respectfully submitted,

Eleanor M. Lackman

EML

cc:  All counsel of record (via ECF)