# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC, | ) |
| Plaintiff, | ) ) ) ) Civil Action No.: 1:21-CV-03514-AT |
| v. | ) ) |
| BDG MEDIA, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF TOM HUSSY PHOTOGRAPHY, LLC'S RESPONSE TO DEFENDANT BDG MEDIA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Tom Hussey Photography, LLC ("Plaintiff"), by and through its attorneys, Duane Morris LLP, hereby responds to Defendant's First Set of Requests for Production of Documents ("Requests") as follows:

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to each of Defendant BDG Media, Inc.'s ("Defendant") Definitions and Instructions set forth at the beginning of the Requests to the extent that it seeks to impose an obligation that exceeds or differs from the obligations imposed by the Federal Rules of Civil Procedure or Local Rules of this Court.

Plaintiff further objects to Definition 17 ("Flavorwire Article"), on the ground that it inaccurately purports to identify an "article" where none exists.  Contrary to Defendant's inaccurate Definition 17, "the URL https://www.flavorwire.com/164201/photo-gallery-reflection-of-time, as depicted in the Amended Complaint as Exhibit G" only displayed infringing versions of Plaintiff's Copyrighted Works, advertisements and links to other pages on Defendant's websites containing even more advertising content and products and services sold by the Defendant.  There

is nothing that could be described as an "article" accompanying Defendant's infringing displays of the Copyrighted Work on that website page.

Plaintiff further objects to Instruction 9 on the ground that the purported timeframe for the Requests "beginning one year before the creation of" the Copyrighted Works – a more than thirteen year period - is unreasonably burdensome and provides no reasonable limitation to a time period when it may be reasonably anticipated that documents relevant to an issue in dispute will be found. Instead, Instruction 9 purports to impose an extreme burden on Plaintiff to review a vast quantity of records for documents that there is no reason to expect will have any relevance to the issues in dispute in this lawsuit, and therefore is beyond the scope of permissible discovery under under Fed. R. Civ. Proc. 26(b)(1). Accordingly, for purposes of its Responses to Defendant's Requests, Plaintiff shall use the term "Relevant Time Period" to mean August 1, 2018 to January 9, 2020, which is the date of its demand letter served by Plaintiff's counsel on Defendant.

### RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications concerning the copyright registration that You received for the Photographs and any applications for such registration, including but not limited to all application forms and other materials submitted to the U.S. Copyright Office, such as deposit copies and correspondence.

**RESPONSE:** Plaintiff will produce non-privileged documents in its possession, custody or control identifiable after a reasonable search that are responsive to this Request.

2. All Documents and Communications with Novartis, or any party affiliated with Novartis or acting on its behalf (including but not limited to any advertising firm engaged by Novartis) regarding the Photographs.

2

**RESPONSE:** Plaintiff will produce non-privileged documents in its possession, custody or control identifiable after a reasonable search that are responsive to this Request.

3.      Documents sufficient to demonstrate the allegation contained in Paragraph 46 of the Amended Complaint that You own the copyrights in the Photographs.

**RESPONSE:** Plaintiff will produce non-privileged documents in its possession, custody or control identifiable after a reasonable search that are responsive to this Request.

4.      Documents sufficient to demonstrate any and all payments, including but not limited to, licensing fees, You have received in connection with the Photographs.

**RESPONSE:** Plaintiff objects to this Request on the ground that the intended thirteen year scope of the search Defendant intends to impose on Plaintiff is unreasonably burdensome, as it likely will require dozens of hours to search computer and paper records in order to identify "any and all payments" received in connection with the Copyrighted Works, which amounts to an extreme burden on Plaintiff's two-employee photography studio, and the information requested will have limited, if any relevance, to the issues in dispute in this lawsuit the older that information is. Accordingly, Defendant's proposed more-than-thirteen-year time period for this Request is beyond the scope of permissible discovery under under Fed. R. Civ. Proc. 26(b)(1). Subject to and without waiving its objection, Plaintiff will produce non-privileged documents in its possession, custody or control and identifiable after a reasonable search within the Relevant Time Period defined above that are responsive to this Request.

5.      All proposed or actual licenses You have entered into in connection with the Photographs.

**RESPONSE:** Plaintiff objects to this Request on the ground that the intended thirteen year scope of the search Defendant intends to impose on Plaintiff is unreasonably burdensome, as it likely will require dozens of hours to search computer and paper records in order to identify "[a]ll proposed or actual licenses" in connection with the Copyrighted Works – especially if the qualifying term "You have entered into" is intended to modify only "actual licenses" (and, in the event that it is intended to modify both, the distinction between "proposed or actual licenses" that are entered is incomprehensible) - which amounts to an extreme burden on Plaintiff's two-employee photography studio, and the information requested will have limited, if any relevance, to the issues in dispute in this lawsuit the older that information is.  Accordingly, Defendant's proposed more-than-thirteen-year time-period for this Request is beyond the scope of permissible discovery under Fed. R. Civ. Proc. 26(b)(1).  Subject to and without waiving its objection, Plaintiff will produce non-privileged documents in its possession, custody or control and identifiable after a reasonable search within the Relevant Time Period defined above that are responsive to this Request.

6.      All Documents and Communications concerning uses of the Photographs aside from as alleged in the Flavorwire Article or the Pinterest Post.

**RESPONSE:** For the reason identified above, Plaintiff objects to the use of the term "Flavorwire Article" in this Request, since there is no article meeting Defendant's definition of that term and Plaintiff is not aware of any other article on Defendant's website connected in any way to Defendant's infringing displays of the Copyrighted Works.  Accordingly, Plaintiff will respond to this Request taking as its understanding that Defendant seeks documents and communications concerning uses of the Copyrighted Works other than Defendant's infringing uses as alleged in the Amended Complaint.  Plaintiff further objects to this Request on the ground that

it seeks discovery regarding details concerning all uses – which appears to include infringements - of the nine Copyrighted Works at issue in this lawsuit over a more than thirteen-year period, with no limitation to uses of the Copyrighted Works that might bear some relevance to the issues in dispute in this litigation. Although Plaintiff does not have a means to make an exact count, Plaintiff expects that the number of uses this Request references total in the many hundreds, perhaps more than a thousand. Plaintiff expects that the review of records necessary to accurately identify all of the documents and communications requested about each such use in order to respond to this Request will require many dozens of hours and perhaps over one hundred. Defendant's overly burdensome requests for production concerning uses that will bear little to no relevance to any issue in this lawsuit is outside the scope of permissible discovery under Fed. R. Civ. Proc. 26(b)(1), because the burden imposed on Plaintiff to provide such discovery is not proportional to the needs of the case, and the burden and expense of such discovery outweighs any potential benefit to the resolution of this lawsuit. Subject to and without waiving its objection, Plaintiff will produce non-privileged documents in its possession, custody or control and identifiable after a reasonable search that identify users of the Copyrighted Works during the Relevant Time Period defined above.

7. All actual or proposed agreements or other contracts between You and any content licensors, aggregators, or distributors, including, but not limited to, Getty Images.

**RESPONSE:** Plaintiff objects to this Request on the ground that the term "any content licensors" is undefined, ambiguous and potentially refers to any person or entity so long as he / she / it licensed "content" at some point in time, apparently with no requirement that such license relate to the Copyrighted Works, or even photographic images generally. Plaintiff has no idea how to identify any person or entity that does, or does not, fall within that term. Subject to and without waiving its objection, Plaintiff will respond to this Request with the understanding that "any

content licensors" refers to photography licensing firms, similar to Getty Images. Plaintiff states that there are no documents responsive to this Request that apply to Plaintiff's Copyrighted Works, or other photographic images Plaintiff owns, during the Relevant Time Period identified above.

8.   All Documents and Communications concerning any and all payments made by third parties to resolve claims made by You over alleged unauthorized use of the Photographs.

**RESPONSE:** Plaintiff objects to this Request on the ground that it seeks documents intended to disclose Plaintiff's litigation and settlement strategy in other instances of infringements of Plaintiff's works which necessarily will disclose the attorney work product and advice. Plaintiff further objects to this Request on the grounds that the documents requested bear no relevance whatsoever to any issue in dispute in this litigation and the burdensome intrusion into Plaintiff's litigation and settlement strategy in other matters necessarily is disproportional to the needs of this litigation. As such, this Request is beyond the scope of permissible discovery pursuant to Fed. R. Civ. Proc. 26(b)(1).

9.   Documents sufficient to demonstrate any and all payments, including but not limited to, licensing fees, You have received from anyone affiliated with the website located at the URL www.flavorwire.com in connection with any photographs taken by You.

**RESPONSE:** Plaintiff states that there are no documents responsive to this Request.

10.  All Communications by and between You and anyone affiliated with the website www.flavorwire.com.

**RESPONSE:** Plaintiff objects to this Request on the grounds that the people and / or entities that are "affiliated with the website www.flavorwire.com" is information exclusively in

the control of the Defendant.  Plaintiff is informed and believes that since August 15, 2018, the only entity www.flavorwire.com is Defendant BDG Media, Inc.  Plaintiff is not aware of any communication on its behalf with anyone relating to that website prior to August 15, 2018.  Plaintiff has no way to know if any other person or entity has been affiliated with that website since that date, and Plaintiff cannot identify the Defendant's employees who are "affiliated" with the website.  Subject to and without waiving its objection and based on the limited information and belief Plaintiff identifies above, Plaintiff will produce communications by or on behalf of Plaintiff with Defendant prior to the filing of the Complaint, at which point all of the numerous litigation related communications are equally in the possession of both parties and the effort it would take Plaintiff's counsel to re-produce additional copies of the many dozens of emails between counsel since the filing of the Complaint will serve no purpose whatsoever in this litigation and, accordingly, is beyond the scope of permissible discovery pursuant to Fed. R. Civ. Proc. 26(b)(1).

11.   All Documents and Communications concerning the Flavorwire Article, including, but not limited to, Documents evidencing Your first awareness of the Flavorwire Article, any steps You took in response to discovering the Flavorwire Article, and any Communications with or between any third parties regarding the Flavorwire Article.

**RESPONSE:** For the reason identified above, Plaintiff objects to the use of the term "Flavorwire Article" in this Request, since there is no article meeting Defendant's definition of that term and Plaintiff is not aware of any other article on Defendant's website connected in any way to Defendant's infringing displays of the Copyrighted Works.  Accordingly, Plaintiff will respond to this Request taking as its understanding that Defendant seeks documents relating to Defendant's infringements of the Copyrighted Works on its website as alleged in the Amended

Complaint. Plaintiff further objects to this Request to the extent it seeks documents concerning "any steps You took in response to discovering the" Defendant's infringements of the Copyrighted Works as alleged in the Amended Complaint, and all Communications concerning those infringements on the ground that it seeks documents intended to disclose Plaintiff's litigation strategy, attorney work product and attorney-client communications. Subject to and without waiving its objections, Plaintiff will produce documents sufficient to identify the first notice sent by ImageRights that Copyrighted Works were located on the www.flavorwire.com website, and the communications by Counsel on behalf of Plaintiff with the Defendant through the date this Complaint was filed, for the reasons stated in the Response to Request 10.

12. All Documents and Communications concerning the Pinterest Post, including, but not limited to, Documents evidencing Your first awareness of the Pinterest Post, any steps You took in response to discovering the Pinterest Post, and any Communications with or between any third parties regarding the Pinterest Post.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks documents concerning "any steps You took in response to discovering the Pinterest Post" and all Communications concerning those infringements on the ground that it seeks documents intended to disclose Plaintiff's litigation strategy, attorney work product and attorney-client communications. Subject to and without waiving its objections, Plaintiff will produce documents sufficient to identify Plaintiff's first awareness that Defendant's ongoing infringement of two of the Copyrighted Works on its Pinterest Posts. Plaintiff states that the only "steps [Plaintiff] took in response to discovering the Pinterest Post" were taken by counsel on behalf of the Plaintiff in this litigation, and the only communications Plaintiff has had with anyone concerning the Pinterest Posts were privileged

8

communications with counsel in order to obtain legal advice and discuss this litigation. As a result, there are no other non-privileged documents responsive to this Request to be produced.

13. All Documents and Communications concerning efforts undertaken by You to discover potentially infringing uses of photographs taken by You, including, but not limited to, Documents evidencing your – or your attorneys' – subscription to services that utilize reverse image search technology.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks "[a]ll Documents and Communications concerning efforts undertaken by You to discover potentially infringing uses of photographs taken by You" as the unlimited scope of that language potentially sweeps within the Request many hundreds of communications between the Plaintiff and ImageRights International, Inc., and thousands of additional documents related to those communications, should Defendant intend the term "concerning efforts undertaken" to encompass all actions and communications by ImageRights to perform its services agreement. The overwhelmingly broad scope of such request is extremely burdensome and will cover thousands of documents bearing no relevance whatsoever to any issue in dispute in this litigation. Accordingly, that comprehensive scope is beyond the permissible scope of discovery under Fed. R. Civ. Proc. 26(b)(1). Subject to and without waiving its objection, Plaintiff will produce the terms of its services agreement with ImageRights International, Inc. Plaintiff states that other than its services agreement with ImageRights International, Inc., Plaintiff's efforts to investigate potential infringements of its photographs, including the Copyrighted Works, were based on random, unsolicited communications in which potential infringements were pointed out to the Plaintiff and the Plaintiff followed up to address them.

14. All Documents and Communications concerning Your loss of any opportunities to license the Photographs as a result of the use of the Photographs in the Flavorwire Article or Pinterest Post.

**RESPONSE:** For the reason identified above, Plaintiff objects to the use of the term "Flavorwire Article" in this Request, since there is no article meeting Defendant's definition of that term and Plaintiff is not aware of any other article on Defendant's website connected in any way to Defendant's infringing displays of the Copyrighted Works. Accordingly, Plaintiff will respond to this Request taking as its understanding that Defendant seeks documents and communications concerning Defendant's infringing uses of the Copyrighted Work on Defendant's website and Pinterest Posts as alleged in the Amended Complaint. Subject to and without waiving its objection, Plaintiff states that the documents necessary to identify the lost license opportunities resulting from Defendant's infringements are in the sole possession of the Defendant, at least in the first instance. Specifically, Defendant controls all record of the data necessary to identify (to the extent possible) everyone who copied one or more of the Copyrighted Works from the website and Pinterest Posts. Unless and until Defendant disclose that data, Plaintiff is not able to follow up to identify, to the extent possible, the potential licensee behind those unauthorized copies who had no reason to follow up and contact the Plaintiff about a license since they were able to take copies for free from the Defendant's infringing uses. Plaintiff states that Defendant's infringing uses of the Copyrighted Works may have so cheapened the Copyrighted Works in some potential licensees, or perhaps more importantly, some potential advertisers who might otherwise have hired Plaintiff to create new images, but lost interest when they saw the type of website claiming (implicitly) a right to use Plaintiff's works. Plaintiff intends to maintain exclusive control of its

portfolio in order to maintain the high value association between the Plaintiff's advertising photography services and its work product. Infringements such as the Defendant's deprive Plaintiff of that control and destroy the high value image Plaintiff otherwise has created, because of the very cheap nature of Defendant's website, and the distasteful click-bait revenue model it runs. The documents that constitute the circumstantial evidence of the lost future licensing and business opportunities for the Plaintiff that resulted from Defendant's conduct are the documents illustrating the website and business model. Those documents are exclusively in Defendant's possession.

15. All Documents and Communications concerning Your damages not addressed in Request No. 13, including without limitation, any lost revenues or profits.

**RESPONSE:** Plaintiff does not understand the reference to Request 13, which does not appear to the Plaintiff to request other documents concerning Plaintiff's damages. Plaintiff states, to the extent it understands this Request, that the documents to be produced in response to Request 2, concerning the licenses issued to Novartis, and in particular the secondary use license purchased by Novartis, concern the calculation of Plaintiff's damages under 17 U.S.C. § 504(b), as explained in response to Interrogatory 11.

Dated:  August 22, 2021

   *Steven M. Cowley*
Steven M. Cowley
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: (857) 488-4261
Fax: (857) 401-3090
smcowley@duanemorris.com

Peggy S. Chen
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, NY  10169-0079
Tel: (212) 818-9200
Fax: (212) 818-9606
E-mail:pschen@duanemorris.com

*Counsel For Plaintiff Tom Hussey Photography, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 22nd, 2021, a true and correct copy of the foregoing document was served on all counsel of record for the Defendant via email and first class mail:

                                                                             /s/ Steven M. Cowley
                                                                             Steven M. Cowley