# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:21-CV-03514-AT |
| v. | ) |
| | ) |
| BDG MEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TOM HUSSY PHOTOGRAPHY, LLC'S RESPONSES TO
DEFENDANT BDG MEDIA, INC.'S FIRST SET OF INTERROGATORIES [NOS. 1-14]**

Plaintiff, Tom Hussey Photography, LLC ("Plaintiff") hereby responds to Defendant's

First Set of Requests for Interrogatories as follows:

**OBJECTION TO THE DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to each of Defendant BDG Media, Inc.'s ("Defendant") Definitions and

Instructions set forth at the beginning of the Interrogatories to the extent that it seeks to impose an

obligation that exceeds or differs from the obligations imposed by the Federal Rules of Civil

Procedure, or Local Rules of this Court.

Plaintiff further objects to Instruction 11 on the ground that the purported "limit[ation] to

the time period beginning one year before the creation of" the Copyrighted Works is not, in fact,

a limitation at all.  Instead, the more than thirteen-year period referenced in Instruction 11 is

unreasonably burdensome and provides no reasonable limitation to a time-period when it

reasonably may be anticipated that information relevant to an issue in dispute will be found.

Instead, it imposes an extreme burden on Plaintiff to review vast quantity of records for

information that there is no reason to expect will have any relevance to the issues in dispute in this

lawsuit, and therefore is beyond the scope of permissible discovery under Fed. R. Civ. Proc.

26(b)(1).  Accordingly, for purposes of its Responses to these Defendant's Interrogatories, Plaintiff shall use the term "Relevant Time Period" to mean August 1, 2018 to January 9, 2020, which is the date of its demand letter served by Plaintiff's counsel on Defendant.

## RESPONSES TO INTERROGATORIES

1.      Identify all Documents and Communications, and custodians thereof, that You intend to use in support of Your Claim, including all Documents relating to elements of Your Claim.

**RESPONSE** Plaintiff states that it is not capable of identifying documents, communications and custodians thereof that will be used in support of Plaintiff's claims in this lawsuit, without consulting with counsel who is responsible for making those decisions and then simply repeating what counsel advises.  Plaintiff objects to the request that it, and does not agree to, consult with counsel, obtain that information and disclose it to Defendant in response to this Interrogatory, as such communications and counsel's litigation strategy are protected from discovery by the attorney-client communications privilege and attorney work production doctrine, and FRCP 26(b)(3).

Subject to and without waiving its objection, Plaintiff states that its Amended Complaint identifies and attaches Exhibits A through M, and Plaintiff expects that each may be used in support of its claims at trial.  Plaintiff further states that it agreed to five licenses with Novartis, by and through its advertising agency, over a number of years for the use of the Copyrighted Works (as defined in the Amended Complaint) and other similar images in support of an advertising campaign.  Plaintiff expects to produce copies of those licenses in response to Defendant's Requests For Production and present in support of its damages claims at trial.

2

2.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to the creation of the Photographs.

**RESPONSE**   Tom Hussey and Patty Hussey (nee Hudson), of Tom Hussey Photography, LLC, each of the models appearing in the Copyrighted Works, and all of the crew members that worked on each of the photo shoots – for example, makeup artists, stylists, lighting and staging assistants.

3.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to the ownership of the copyright rights in and to the Photographs.

**RESPONSE**   Tom Hussey and attorneys Steven Cowley, Mark Steiner and Patricia Picou Green, of Duane Morris LLP.

4.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to Your discovery and/or first awareness that the Photographs were being used in the Flavorwire Article.

**RESPONSE**   Plaintiff is not aware of a "Flavorwire Article," a term that is undefined, but has no application to the slide show of infringing copies of the Copyrighted Works that Plaintiff is aware were displayed on Defendant's Website (as defined in the Amended Complaint).  Plaintiff states Tom Hussey and ImageRights International, Inc., Ten Post Office Square, Suite 800 South, Boston, MA 02109, have knowledge of the communications giving rise to Plaintiff's first

3

awareness that its Copyrighted Works were displayed without license or other permission on Defendant's Website.

5.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to Your discovery and/or first awareness that the Photographs were being used in the Pinterest Post.

**RESPONSE**  Tom Hussey, Joe Naylor and Hajo Nils Krabbenhöft of ImageRights International, Inc., and attorney Steven Cowley, Duane Morris LLP, 100 High Street, Boston.

6.      Identify each Person (whether or not associated with You) who You have corresponded with, directly or indirectly, in writing, orally, or otherwise, concerning, regarding, referring to, or relating to any uses of the Photographs in the Flavorwire Article or the Pinterest and all Documents and Communications relating to such correspondence.

**RESPONSE**  Tom Hussey, Joe Naylor and Hajo Nils Krabbenhöft of ImageRights International, Inc., and attorney Steven Cowley of Duane Morris LLP.

7.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to any uses of the Photographs by any Person, whether authorized or unauthorized, and all Documents and Communications relating to such use.

**RESPONSE**  Plaintiff objects to this interrogatory on the ground that it seeks discovery regarding details concerning "authorized" and "unauthorized" users of the nine Copyrighted Works at issue in this lawsuit over a more than thirteen-year period, with no limitation to parties

4

whose use of those Copyrighted Works might bear any relevance to the issues in dispute in this litigation. Although Plaintiff does not have a means to make an exact count, Plaintiff expects that the number of "Persons" this Interrogatory references number in the many hundreds, perhaps more than a thousand. Plaintiff expects that the review of records necessary to accurately identify all of the information requested about each such Person in order to respond to this Interrogatory will require many dozens of hours and perhaps over one hundred. Defendant's overly burdensome requests for information concerning Persons who possess no information relevant to any issue in this lawsuit is outside the scope of permissible discovery under Fed. R. Civ. Proc. 26(b)(1), because the burden imposed on Plaintiff to provide such discovery is not proportional to the needs of the case, and the burden and expense of such discovery outweighs any potential benefit to the resolution of this lawsuit. Subject to and without waiving its objection, Plaintiff states that Tom Hussey and ImageRights should be able to identify some of the information responsive to this Interrogatory during the Relevant Time Period without incurring unreasonable burden and expense to search for all information necessary to respond to this Interrogatory as written.

8.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have, knowledge, information, and/or access to Documents or Communications concerning, regarding, or relating to the total amount of revenue that You have derived from the Photographs, including, but not limited to, revenue derived from the sale or license of the Photographs.

**RESPONSE**   Tom Hussey and various independent contractors who provided bookkeeping services to the Plaintiffs over the years, who Plaintiff cannot identify specifically without detailed research through records dating back over twelve years. Plaintiff's current bookkeeper has only worked with the Plaintiff for a little over one year and does not have any

personal knowledge or access to records relating to the revenue from licenses for the

Copyrighted Works.

9.      Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to any attempts by You to assert any claims for copyright infringement relating to the Photographs.

**RESPONSE**   Plaintiff objects to this Interrogatory on the ground that it seeks discovery regarding details concerning claims of copyright infringement concerning any of the nine Copyrighted Works over a more than thirteen-year period, with no limitation to infringements that might bear any relevance to the issues in dispute in this litigation.  Although Plaintiff does not have a means to make an exact count, Plaintiff expects that the number of "Persons" with any information or documents relating to all such infringements over that time period number in the many hundreds.  Plaintiff expects that the review of records necessary to accurately identify all of the information requested about each such Person in order to respond to this Interrogatory will require many dozens of hours and perhaps over one hundred.  Defendant's overly burdensome requests for information concerning Persons who possess no information relevant to any issue in this lawsuit is outside the scope of permissible discovery under Fed. R. Civ. Proc. 26(b)(1), because the burden imposed on Plaintiff to provide such discovery is not proportional to the needs of the case, and the burden and expense of such discovery outweighs any potential benefit to the resolution of this lawsuit.  Subject to and without waiving its objection, Plaintiff states that Tom Hussey and ImageRights should be able to identify some of the information responsive to this Interrogatory during the Relevant Time Period without incurring unreasonable burden and expense to search for all information necessary to respond to this Interrogatory as written.

DM2\14494390.1

10.     Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to settlement agreements or negotiations between You and any Person relating to any photographs taken by You.

**RESPONSE**  Plaintiff objects to this Interrogatory on the ground that it seeks discovery regarding details concerning all settlements or negotiations relating to any of the nine Copyrighted Works over a more than thirteen-year period, with no limitation to information that might bear any relevance to the issues in dispute in this litigation.  Although Plaintiff does not have a means to make an exact count, Plaintiff expects that the number of "Persons" with any information or documents relating to all settlements over that time period number in the hundreds.  Plaintiff expects that the review of records necessary to accurately identify all of the information requested about each such Person in order to respond to this Interrogatory will require many dozens of hours and perhaps over one hundred.  Defendant's overly burdensome requests for information concerning Persons who do not possess information relevant to any issue in this lawsuit is outside the scope of permissible discovery under Fed. R. Civ. Proc. 26(b)(1), because the burden imposed on Plaintiff to provide such discovery is not proportional to the needs of the case, and the burden and expense of such discovery outweighs any potential benefit to the resolution of this lawsuit. Because Plaintiff's prior settlement negotiations and settlements relating to the infringement of one or more of the nine Copyrighted Works are not relevant to the issues in dispute in this lawsuit, and would reveal Plaintiff's and Plaintiff's litigation strategy, which is not an appropriate subject for discovery under the litigation work product doctrine and Fed. R. Civ. Proc. 26(b)(3), Plaintiff does not agree to identify the Persons with knowledge of those facts or access to those documents.

DM2\14494390.1

11.     Identify each category of damage alleged to have been suffered by You by reason of Defendant's alleged actions as set forth in the Amended Complaint, including but not limited to by way of lost revenues and/or profits, and Your computation thereof.

**RESPONSE**   Plaintiff states that damages recoverable on his nine copyright infringement claims under each of the alternative grounds asserted in the Amended Complaint are categorized in the Copyright Act, 17 U.S.C. § 504, as follows.  Plaintiff reserves its statutory right to choose between the alternative categories of recoverable damages at any time before Final Judgment enters in this case, pursuant to 17 U.S.C. § 504(a).

      i.   **Lost Profits and Disgorgement of Profits Damages under § 504(b).**

The so-called actual damages prong of the Copyright Act, 17 U.S.C. § 504(b) provides:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Plaintiff calculates its lost license fees in this case to be in excess of $7,000 per Copyrighted Work infringed, based on a secondary use license purchased by Novartis in.  Specifically, in October 2015, Novartis paid a total of $115,500 for a limited term and limited geographic scope secondary use license for eight of the Reflections Series images.  Novartis's secondary use license payment broke down between $56,000 for usage rights in the eight images, $58,000 for the rights to use the models' images, and another $1,500 for additional crew charges.  In fact, the $7,000 per image Novartis secondary use license payment understates the fair and reasonable value of a commercial use license of the Copyrighted Work, because no other licensee should or could pay as low a price for such a license as Novartis, since Novartis had already paid over

8

$763,000 to the Plaintiff in connection with the Reflections Series images and necessarily deserved a discount.  In addition, Novartis paid $7,000 per image for a license that excluded use in the United States, Europe and Japan, which are widely recognized as three of the most significant commercial markets in the world.  A commercial use license that permits use in any, let alone all three, of those significant commercial markets necessarily is worth more than the $7,000 secondary use license fee paid by Novartis.  Plaintiff calculates the value of a commercial use, short term license permitting worldwide use on the internet of the Reflections Series images to be no less than $10,000 per image - and has rejected requests to pay a commercial use license fee below that amount – totaling at least $90,000 in this case.

In addition, the non-duplicative disgorgement of profits damages recoverable under § 504(b) total $65,250.  Specifically, the $58,000 paid to cover the costs of required models releases for commercial use of the Reflections Series images specified in the Novartis secondary use license applicable to eight images amounts to $7,250 per image.  Applied to the nine Copyrighted Works infringed by Defendant in this action, the total required models release fees of $65,250.  By misappropriating the nine Copyrighted Works without payment, rather than purchasing a valid license for the use of those images, Defendant avoided paying not only Plaintiff's $90,000 license fee, Defendant also avoided paying an additional, and non-duplicative $65,200 to pay for the necessary models releases, which totals a minimum of $155,250 in damages recoverable under 17 U.S.C. § 504(b).

That is before consideration of any additional profits Defendant earned from customers who found their way to the Defendant's website as a result of its infringements of the nine Copyrighted Work, earning Defendant advertising fees and profits from the sales of Defendant's products and services on its website.  Those additional disgorgement damages will only be quantified after Defendant responds to Plaintiff's discovery requests.

ii. **Statutory Damages Under 17 U.S.C. § 504(c)**

Alternatively, Plaintiff may elect to rely on statutory damages under § 504(c) of the

9

Copyright Act, up to a maximum of $150,000 should the jury determine that Defendant's nine infringements were willful, or up to a maximum of $30,000 if the jury does not find willful infringement.

There is no dispute in this case that Defendant knew Tom Hussey is the photographer of the Copyrighted Works and that Defendant needed Plaintiff's permission to make any use of the Copyrighted Works. There also is no dispute that Defendant never obtained Plaintiff's permission to use the Copyrighted Works in any way. Similarly, there is no dispute that Defendant acquired the Copyrighted Works from Flavorpill to display them on a commercial website intended to earn advertising revenues and sales revenues for the Defendant from visitors who may be attracted by the display of the Copyrighted Works. Defendant is a very sophisticated commercial entity that has built a business reliant on the exploitation of copyrighted works, whether created itself or obtained from others. Even if Defendant claims to have believed Flavorpill had a license to use the Copyrighted Works on its website, Defendant was well aware that license would not give the Defendant the right to acquire and display the Copyrighted Works itself, unless it contained a right to sub-license or other express permission from the Plaintiff. No such license exists, so Plaintiff reasonably expects the Defendant never received one, or believed it was provided one. Accordingly, Plaintiff believes the willful enhanced range of statutory damages applicable to cases involving willful infringement apply to this action. Accordingly, should it choose to recover statutory damages under 17 U.S.C. § 504(c), Plaintiff expects the jury will have discretion to set damages between the range of $750 and $150,000 for each of the nine infringed Copyrighted Works, totaling $6,750 to $1,350,000 in statutory damages for willful infringement. Should the jury determine Defendant's infringements were not willful, the jury will have discretion to set damages between the range of $750 and $30,000 for each of the nine infringed Copyrighted Works, totaling $6,750 to $270,000 in statutory damages.

Plaintiff also seeks the recovery of its full costs, including attorneys' fees, which it is not

DM2\14494390.1

able to calculate at this time due to the ongoing nature of the litigation, but which already exceed $90,000.

12.     Identify each Person who undertakes or has previously undertaken any type of investigation to discover potential infringements of your photographs on Your behalf.

**RESPONSE**   Plaintiff states that, with the exception of random, unsolicited reports of infringements, Plaintiff has worked only with ImageRights International, Inc. to identify instances of potential infringements of the Copyrighted Works since 2015.

13.     Identify each Person who had more than a clerical role in answering these Interrogatories and/or searching for Documents in connection with these Interrogatories.

**RESPONSE**   Plaintiff states that Tom Hussey worked with Plaintiff's counsel to respond to these Interrogatories.

14.     Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have physical evidence, including, by way of example and without limitation, computers, laptops, mobile devices, and servers, concerning or relating to Your Claims and/or the allegations in the Amended Complaint.

**RESPONSE**   Plaintiff states that this Interrogatory is unclear as to the information requested.  Plaintiff does not know what "physical evidence" Defendant expects relates to the claims asserted in the Amended Complaint, given that the Copyrighted Works are digital images and Defendant's infringements, in turn, are digital displays and distributions.  Plaintiff assumes that the digital copies of the Copyrighted Works on Plaintiff's computer, the Copyright Office's servers and any backup storage devices, and ImageRight's server all "relate" to the claims, but all document the same thing.  Similarly, Plaintiff assumes that Defendant's servers and

11

computers contain digital copies of the Defendant's infringements, as would the computers of any visitor to the Defendant's website who viewed any the Copyrighted Works, at least at some time and perhaps still.  Additionally, Plaintiff expects that Defendant's computer systems contain information relating to the quantification of the advertising revenue Defendant earned throught its infringements of the Copyrighted Work, and presumably so would the entities who paid for that advertising, or their agents.  Plaintiff cannot identify the Defendant's employees, advertisers, intermediaries, and website visitors who control the various servers, computers and devices that maintain those data.  And, Plaintiff is not in a position to know whether any of those servers, computers and devices constitute "physical evidence" for the purposes of this Interrogatory, as that appears to be a specific legal term that is not familiar to the Plaintiff.


 Dated:  September 22, 2021

                       *Steven M. Cowley*
                       Steven M. Cowley
                       DUANE MORRIS LLP
                       100 High Street, Suite 2400
                       Boston, MA 02110-1724
                       Tel: (857) 488-4261
                       Fax: (857) 401-3090
                       smcowley@duanemorris.com

                       Peggy S. Chen
                       DUANE MORRIS LLP
                       230 Park Avenue, Suite 1130
                       New York, NY  10169-0079
                       Tel: (212) 818-9200
                       Fax: (212) 818-9606
                       E-mail:pschen@duanemorris.com

                       *Counsel For Plaintiff Tom Hussey Photography, LLC*

DM2\14494390.1

## **VERIFICATION**

I, Tom Hussey, declare as follows:

I am the owner and principal of the Plaintiff.  I have read the foregoing Plaintiff Tom Hussey Photography, LLC's Responses To BDG Media, Inc.'s First Set of Interrogatories [Nos. 1-14], and know its contents.  I am informed and believe and on that ground allege that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of September 2021.

_____
Tom Hussey

DM2\14494390.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2021, a true and correct copy of the foregoing document was served on all counsel of record for the Defendant via email and first class mail:

/s/ Steven M. Cowley<br>
Steven M. Cowley

14

DM2\14494390.1