

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
eml@msk.com

December 1, 2021

**BY ECF**

Honorable James L. Cott
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street, Room 1360
United States Courthouse
New York, NY 10007

Re:   *Tom Hussey Photography, LLC v. BDG Media, Inc.*, 21-cv-03514 (AT)

Dear Judge Cott:

On behalf of defendant BDG Media, Inc. ("BDG"), we write to the Court regarding certain issues that have stalled the consummation of the settlement in principle agreed to on November 9, 2021; in particular, plaintiff Tom Hussey Photography, LLC's ("THP") indication that it will not comply with the terms of the protective order that the parties negotiated.[1]  This, in turn, is resulting in an inability to complete the settlement agreement, as THP appears to be taking the position that nothing except for one document is confidential – despite the fact that BDG designated other documents as "HIGHLY CONFIDENTIAL" pursuant to the protective order (and THP never made an objection, let alone a timely one, to any of the designations)[2] – and that such documents can be used without restriction in some other case that THP or counsel may be contemplating. Accordingly, BDG respectfully requests that the protective order be entered in this action on the ground that it should help the parties resolve the case.

We provide some background for context.  On September 20, 2021, BDG sent to THP a draft protective order (the "Protective Order"), and requested confirmation of THP's agreement that "any documents produced prior to the entry of the protective order will be treated in accordance with the final version of same."  The next day, THP confirmed its agreement to "treat defendant's production in accordance with the terms of a protective order as finally entered by the court" and promised to try to get a revised draft of the Protective Order to BDG "before the end of the week."

However, despite asking for broad information pertaining to sensitive business information in the possession of the privately-held BDG, THP stalled in returning the Protective Order.  Even taking into account THP's promise to treat BDG's production as if the Protective Order was in place (presumably while the parties ironed out non-substantive details), BDG made clear – via email to THP on October 13, 2021 ("We are also still waiting for your edits to the Protective Order, which was sent to you nearly a month ago for comment."), by letter to Judge Torres on October 20, 2021

---

[1] While this action was referred to Your Honor "for Settlement" only, given that the status of the Protective Order relates to discovery and is integral to the settlement being consummated, BDG believes that the dispute should be directed to Your Honor.  Dkt. No. 53.
[2]  The protective order sets forth a specific protocol to oppose designations.  *See infra* at p. 2.  To date, THP has not properly challenged any of BDG's designations under such protocol.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM



Honorable James L. Cott
December 1, 2021
Page 2

("BDG, on the other hand, has provided responsive documents – including the confidential APA (despite the fact that THP's counsel has failed to return the draft Protective Order BDG's counsel sent to him over a month ago)), and via email to THP on October 22, 2021 ("We did not receive a response by September 24 or otherwise. As the parties are in the process of exchanging documents, can we please have your comments so that we can submit this by the end of the day today?") – that it was eagerly awaiting THP's edits or approval of the Protective Order.

Finally, after BDG's counsel had to threaten to seek Court intervention to compel THP to review the proposed Protective Order, THP sent a revision to BDG on October 25, 2021. For the next week, the parties negotiated the terms of the Protective Order, landing on an agreeable draft as of October 28, 2021, with THP's counsel admitting that the final remaining dispute was based on THP's counsel's erroneous addition of certain language to the wrong paragraph.

Based on THP's earlier agreement to comply with the Protective Order, BDG made four document productions, each containing a mix of documents with and without confidentiality designations. Under the proposed Protective Order, attached hereto as **Exhibit A**, to "oppos[e] the designation of materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL":

> A receiving party . . . shall serve a written objection, including a statement of the grounds for the objection . . . [i]f the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is not withdrawn . . . the receiving party . . . may move the Court . . . within ten (10) court days for an order removing or replacing the . . . designation . . . If a receiving party does not make a timely motion or request, its objection is deemed withdrawn. Until a ruling from the Court, disputed material is presumed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL, as designated, and shall be treated in accordance with the terms and conditions of this Protective Order.

Section 5. BDG's document productions were made on September 20, 2021, October 22, 2021, November 2, 2021, and November 3, 2021. Among other items, BDG produced highly confidential internal emails. THP never served written objections, let alone any "including a statement of the grounds for the objection."[3]

On November 3, 2021, still having not received an execution-ready copy of the Protective Order correcting THP's mistake, BDG circulated a revised version making the edit THP intended, and requested confirmation of "whether we may add your signature so that we may submit this document to the Court." THP never responded to that email. On November 5, 2021, the settlement conference before Your Honor took place, ultimately resulting in the settlement in principle.

On November 12, 2021, along with a draft of the settlement agreement, BDG resent to THP the draft of the proposed Protective Order it had previously sent to THP on November 3, 2021 (to

---

[3] THP will undoubtedly argue that it does not agree with BDG's confidentiality designations, or that its failure to object to the confidentiality designation at the time of production was not a waiver. But, implicitly, objections must be made within a reasonable timeframe, not months following the production, after the parties have settled the matter. Moreover, as stated above, THP, *still* has not even properly raised such objections; it has just unilaterally decided not to enter into the Protective Order.



Honorable James L. Cott
December 1, 2021
Page 3

which it had received no response), again requesting confirmation that BDG could add THP's signature and circulate a fully-executed version to be so-ordered.[4]  THP's counsel responded by asking if BDG "contends that confidentiality terms should apply to any document it produced in this case other than the redacted version of the agreement between BDG Media and Flavorpill.  If so, please identify those other documents by [B]ates number."  Of course, as BDG explained in response, the designated documents are self-identifying, as they bear clear designations on the bottom of such documents, in accordance with the terms of the Protective Order.

In subsequent correspondence, it became clear that THP does not intend to execute the Protective Order or to comply with its obligations, but instead wants THP to take counsel's word for the fact that he will not provide a copy of one specific document (that THP's counsel deems worthy of a confidentiality designation) to THP, that he "will agree not to do so going forward, and will agree not to use it in connection with anything other than this proceeding and any future proceeding between these parties, should the parties' settlement agreement be set aside, now or in the future, and Plaintiff continues forward with its claims."  THP's counsel continued: "If Defendant designated any other document confidential, it was not justified and is not accepted by the Plaintiff."  Of course, the history above shows that such statement is not true.

These are simply not the agreed-upon terms under which BDG produced documents in this litigation.  THP would like to misconstrue this as a dispute as to whether BDG's documents are properly designated – which they are – when it is really just a matter of THP complying with its promise to execute and honor the Protective Order.  To the extent THP did have any valid objections – which it does not – it has not pursued them in the agreed-upon manner under the Protective Order, and it has waived such objections.

Moreover, it would be a waste of the parties' resources – particularly given that they just settled this matter to avoid further cost in litigation – to fight over THP's ill-timed "objections."  BDG respectfully suggests that the most expeditious course would be for Your Honor to so-order the attached Protective Order, to maintain BDG's designations, and to consider any of THP's objections waived so that this brand-new settlement term – that the Protective Order the parties agreed to should be of nearly no force – does not derail the resolution of this matter.

BDG also respectfully requests that the Court allow the parties an additional 30 days, from December 10, 2021, until January 10, 2022 (as January 9, 2022 falls on a Sunday), to consummate the settlement, as THP contends that the current schedule offers too "short [a] window of time to get a stip[ulation] of dismissal on file before the 30-day window closes."  Counsel for BDG asked whether THP's counsel would consent to this request, and he declined to do so unless the request for an extension was filed in a separate document.

We thank Your Honor for your time and attention to this matter.

---

[4] BDG's primary concern with not having the so-ordered Protective Order is any ambiguity with respect to the parties' continuing obligations with respect to designated materials.



Honorable James L. Cott
December 1, 2021
Page 4

Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML

cc:     All counsel of record (via ECF)