| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>BOSTON<br>HOUSTON<br>DALLAS<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | <br>*FIRM and AFFILIATE OFFICES*<br><br>STEVEN M. COWLEY<br>DIRECT DIAL: +1 857 488 4261<br>PERSONAL FAX: +1 857 401 3090<br>*E-MAIL:* SMCowley@duanemorris.com<br><br>*www.duanemorris.com* | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

December 3, 2021

<u>VIA ECF</u>

Honorable James L. Cott
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street, Room 1360
United States Court House
New York, NY  10007

      Re:    *Tom Hussey Photography, LLC v. BDG Media, Inc.*
               <u>C.A. No. 21-cv-03514-AT-JC</u>

Dear Judge Cott:

      On behalf of Plaintiff Tom Hussey Photography, LLC, I write in response to the letter motion submitted by Defendang BDG Media, Inc. on Wednesday, December 1, 2021 (the "Letter Motion").  The Letter Motion is presented as if Defendant seeks to enforce an agreed-upon protective order that Plaintiff refused to honor.  That is not the case.  The parties did not reach an agreement on the submission of a proposed protective order prior to the deadline for fact discovery expiring on November 4, 2021, and the reason for their inability to do so is the actual discovery dispute that Defendant glosses over without addressing in the Letter Motion.  For the reasons discussed briefly below, Plaintiff believes Defendant failed to timely or appropriately raise the parties' discovery dispute and the relief it now seeks from the Court is inappropriate given the sharp disagreement between the parties as to whether Defendant justifiably designated any documents as "Highly Confidential," a material dispute that will not be addressed, given the parties' settlement agreement.

**<u>Defendant's Discovery Letter Motion Is Untimely Filed And Cannot Proceed Given The Current Status Of The Case</u>**

      On November 5, 2021, the parties conducted a settlement conference before your honor, which conference was completed on November 9, 2021, when the parties reached agreement on the Court's outstanding proposal.

Honorable James L. Cott
December 3, 2021



      On November 10, 2021, having received a report of the parties' settlement agreement, Judge Torres issued an Order (ECF Doc. 73) dismissing and closing the case without prejudice to either party filing an application to reopen the case within thirty days if the settlement is not consummated.  The settlement has not been consummated,[1] and it appears Plaintiff now must file an application to reopen the case for the purpose of filing a motion to compel compliance with the settlement agreement reached by the parties during their discussions on beginning on November 5 and concluding on November 9, 2021.  It appears Defendant has a tactical reason for not seeking to reopen the case for leave to present the long delayed discovery dispute underlying its Letter Motion.  Having chose to leave the status of the case as closed, with the hope that it will not be reopened and Plaintiff's claims will be permanently dismissed without a signed written settlement agreement, Defendant cannot have it both ways and present a request for a discovery order to your Honor as if the case is live and discovery orders are timely.

      Given the status of the case, Defendant's Letter Motion should be denied as untimely – both too late to file a new discovery motion after expiration of the fact discovery deadline and the dismissal and closure of the case upon the parties' settlement, and premature to submit a substantive discovery motion without first seeking an order from Judge Torres to reopen the case for the purpose of presenting that motion to your Honor.

**The Actual Discovery Dispute Underlying Defendant's Letter Motion Concerns Defendant's Mis-Designation Of Documents As Highly Confidential And Refusal To Specify Sensitive Material Justifying That Designation For Redaction**

      The actual discovery dispute between the parties that held up an agreement on a protective order for a prolonged period of time was Defendant's designation of documents as "Highly Confidential" that do not appear to merit that designation and Defendant's refusal to agree to a process whereby it would specify the alleged sensitive material justifying a Highly Confidential designation so that the remainder could be produced in a redacted and fully usable form.  See Exhibit A (exchange of emails between October 25 and October 27, 2021 at the highlighted portions addressing the parties' dispute on this issue and repeatedly stating that Defendant believed the dispute must be presented to your Honor for resolution).  The initial cause for this dispute from Plaintiff's perspective was Defendant's production of an Asset Purchase Agreement between Defendant and Flavorpill, Inc. whereby Defendant acquired the Flavorwire website.  As produced by the Defendant, that document was substantially redacted– with no explanation or justification ever offered for the redactions – yet Defendant still labeled the remainder "Highly Confidential."  Contrary to Defendant's representation that Plaintiff never objected to such production, that document was one of the subjects of a joint letter to Judge Torres seeking a pre-motion hearing on Plaintiff's contemplated motion to compel, which letter

---

[1] It appears from Defendant's Letter Motion that at least one reason the settlement has not been consummated is Defendant decided to hold up completion of a settlement agreement until it obtains its desired resolution of its late-raised discovery dispute.

Honorable James L. Cott
December 3, 2021



was referred to and pending before your Honor at the time of the settlement conference on November 5, 2021, and then denied as moot upon the report of the parties' settlement agreement. See ECF Docs. 62 (at p. 5, top paragraph labeled "third issue") and 72.

As the email exchange attached as Exh. A makes clear, Defendant refused to agree to Plaintiff's position that the parties must specify material justifying the highest level of confidentiality and produce a redacted, usable version of all documents. For its part, Plaintiff refused to agree to a protective order without such a procedure, leaving Defendant to file its repeatedly threatened motion for a protective order, at which point Defendant would be required to address the purported justifications for its "Highly Confidential" designations. And that is how Defendant chose to leave things – failing to agree to the procedure requested by the Plaintiff yet failing to proceed with its threatened motion seeking entry of its version of a protective order - until the morning of November 3. November 3 was the only day that Defendant agreed to make any of its witnesses available for deposition prior to the expiration of the fact discovery deadline on November 4. Moments before those depositions started, Defendant circulated a new version of a protective order purporting to concede to the procedure Plaintiff requested. But, contrary to that purported "concession," Defendant, in fact, never identified the sensitive portions of the APA that it claimed merit the highest confidentiality designation, or produce the previously redacted portions of that document with a "Highly Confidential" designation, permitting a redacted version to be shared with the Plaintiff or other witnesses.

Moreover, late in the evening on November 2, 2021, Defendant produced hundreds of pages of new documents, including three other documents designated "Highly Confidential": (1) a questionnaire filled out by someone then at Flavorwire (it is not clear that person was an employee or independent contractor, because Defendant never identified him as a witness with knowledge on any topic relating to the case) prior to Defendant's acquisition of the website (BDG000304-308); (2) emails exchanged with the third-party host of the Flavorwire website concerning a communication it received from someone affiliated with the former owner of the website, but who never worked with the Defendant (to Plaintiff's knowledge) (BDG000309-311); and (3) emails relating to the communication referenced by the website host in which one of the principals of the former owner explained what the former owner had done with images on the Flavorwire website prior to the acquisition by Defendant, due to copyright concerns that had been raised by other parties, with an attached (seemingly) printout of page views relating to one or more website pages (Plaintiff's counsel cannot identify what was on those pages, or whether they remained on the website after acquisition, on its own) (BDG326-362). Contrary to the terms of the version of the protective order Defendant circulated as the depositions were about to commence on November 3, Defendant did not identify any sensitive material in any of the three newly produced documents that might merit a "Highly Confidential" designation. Plaintiff questions the basis for the designation of each of those documents, since the content of the documents appears to refer only to actions by another party, not the Defendant, prior to Defendant's acquisition of the website. Plaintiff had no time to challenge the designations of these documents produced late in the evening on November 2 and in the morning on November 3, as Plaintiff's counsel did not even get an opportunity to review them until after the depositions

Honorable James L. Cott
December 3, 2021



concluded late in the afternoon on November 3.  The settlement conference was held on November 5 and the pending discovery motions were denied as moot without ever being heard on November 10.

By asking for this Court to declare that a protective order governs documents produced by the Defendant only now, after the case has been settled and no discovery issues will be addressed, Defendant is claiming to finally agree with Plaintiff's position that it must narrowly specify any material justifying a "Highly Confidential" designation, but without ever voluntarily complying with that requirement and avoiding any presentation of its non-compliance to the Court.  Defendant knew what the actual dispute was all along, chose not to present it to the Court, waited until the very eve of the expiration of fact discovery to present a protective order that would finally make the designation dispute ripe to be heard, and now asks the Court to approve of this conduct in hindsight without ever considering the merits of the actual designations the order will require Plaintiff to honor.  Plaintiff objects to this tactically belated presentation of a protective order without consideration of Defendant's unexplained claims that documents it has produced referencing conduct by a non-party prior to Defendant's ownership of the website merit treatment as Defendant's "Highly Confidential" information.

**Plaintiff Attempted To Resolve This Issue As Contemplated By The Language Of The Protective Order Even Though It Was Not Presented To Or Entered By The Court, But Defendant Refused.**

When Defendant asked Plaintiff to stipulate to the entry of the Protective Order, despite the dismissal and closure of the case due to the parties' settlement agreement, Plaintiff asked Defendant to identify the material in the documents it designated under the protective order that it contends merit those designations.  See Exhibit B (email exchange between November 9 and November 28, 2021, at p. 7, November 18, 2021 email).  Defendant refused.  See id. at highlighted portions of the emails following November 18 .  But that is exactly what the language it claims to have finally conceded to include requires.  Plaintiff even agreed to alleviate any legitimate concern that a document containing information that may be characterized as Defendant's own company information – the APA with Flavorpill, Inc. – would not be protected going forward, by offering that Plaintiff's counsel will not disclose that document to the Plaintiff, or others.  See id.  Defendant refused that offer.  See id.

Plaintiff believes that its proposal was reasonable in the circumstances and would have avoided unnecessary expense by the parties on a discovery dispute at this late hour in the case.  Plaintiff believes that Defendant's refusal, or inability, to identify the specific sensitive information it contends merits designation as "Highly Confidential" so that an agreement might be reached on how such information would be treated going forward is contrary to the very terms of the protective order Defendant asks the Court to enter.  Accordingly, Plaintiff believes this entire issue was inappropriately raised and inappropriately pursued by the Defendant, and requests the Court to order Defendant to show cause why it should not be sanctioned by paying Plaintiff's attorneys' fees in connection with having to respond to the Letter Motion.

Honorable James L. Cott
December 3, 2021



                                                  Sincerely,

cc:  All Counsel of Record (via ECF)                     */s/ Steven M. Cowley*