EXHIBIT A

**Cowley, Steven M.**

| | |
|---|---|
| **From:** | Lackman, Eleanor <eml@msk.com> |
| **Sent:** | Wednesday, October 27, 2021 1:02 AM |
| **To:** | Cowley, Steven M.; Edelstein, Lindsay; Mullins, Bradley |
| **Cc:** | Chen, Peggy S. |
| **Subject:** | RE: Draft Stipulated Protective Order |

Counsel,

In sorting through the lengthy red text again, it occurred to me that you are injecting an argument that we never raised. Please let me know where I mentioned anything about "highly confidential" documents in the exchange from today and/or yesterday. All of this is in an email chain, so it's pretty easy for anyone to see what the issue is, and what it was not. You can go through and highlight the language for me if that would be easiest.

Again, for the third time, I simply do not want to be compelled to go back though our production and start splitting up documents into "confidential" and "nonconfidential" portions. You waited a month to propose this new term, and I assume you "forgot" to respond as promised by September 24 in order to create this distraction. I would take the position that our designations might already comply with the provision, but you would inevitably disagree with me because that's what you do. If you are willing to agree that our prior designations are acceptable, then we can consider whether we might be amenable to this structure going forward regarding any documents that may be forthcoming that may be confidential or highly confidential, if any. If we're not there, I'll turn to writing the letter so that we can get it on file promptly.

Regards,
Eleanor



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp** LLP | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Lackman, Eleanor
**Sent:** Wednesday, October 27, 2021 12:51 AM
**To:** 'Cowley, Steven M.' <SMCowley@duanemorris.com>; Edelstein, Lindsay <LRE@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

Counsel,

I think you're saying you confirm we are at an impasse on that sentence and we should go to the court on that item.  So be it.

I respectfully disagree with the unnecessary and tortured narrative that reflects anything other than your confirmation of the impasse as noted above.

Regards,
Eleanor



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Wednesday, October 27, 2021 12:33 AM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] RE: Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
Please see my responses added in line to your email below, in red.

Regards,

Steven M. Cowley
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C:** +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, October 26, 2021 11:35 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>

**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

Counsel,

Your feigning not to understand my emails is not particularly effective; your mischaracterization of them is effectively transparent.*[Steven Cowley]* This invective is pointless and no response in kind will be provided.  In case you truly do not follow, I'll make it simpler.

I'm saying to you that I'll agree to all your edits but your insistence on that one sentence regarding designations of parts of documents in paragraph 1 (i.e., "Where the confidential portion is reasonably separable from the nonconfidential portion, via redaction or otherwise, only the confidential portion shall be so designated"): (a) comes far too late*[Steven Cowley]* this is not accurate, and (b) is inadvisable for the reasons I've already stated and which you refuse to read*[Steven Cowley]*  your argument that you expect unreasonable challenges applies with equal merit (if you perceive it to have any) to your proposal to "undesignated" portions if requested.  It is not an explanation for choosing between which party has the burden to propose redactions first, since your stated concern is an equally a concern whichever choice is made.

As noted, we accepted 90% of your edits. I could have rejected them all but I'm trying to get this done.  *[Steven Cowley]*  If I said that I accepted over 95% of your proposed language, but I could have rejected it all, would you find that persuasive?  If so, please go ahead and make the remaining edit we proposed but you do not accept.  If you find the argument to be somewhat ridiculous, especially the point about having unilateral power to reject anything said by the other side and impose your will without oversight by the Court, well then you know how we feel about your argument.  So let me make it easy:

We agree to your edits despite our concerns about some of them and we are prepared to agree that you can pursue mock jurors if you have some inkling that any of them violated a court order.  However, we do not agree to this language:" Where the confidential portion is reasonably separable from the nonconfidential portion, via redaction or otherwise, only the confidential portion shall be so designated."*[Steven Cowley]*  I understand that the parties reached agreement on all of the language other than the language quoted twice in your email.  I also understand that Defendant will present the disputed language to the Magistrate Judge for resolution.

I provided my reasons, which are, again:
- You should have raised this before the parties started producing documents*[Steven Cowley]*  That would have been impossible, since Defendant provided its proposed protective order for the first time in the email that it began a long delayed production of documents.  In that email, attorney Edelstein asked if Plaintiff agreed to treat production made before a protective order was agreed upon consistent with a final protective order once entered by the Court.  Defendant never took the position that it would not produce documents while the substance of the protective was not certain.  It took the exact opposite position.  Defendant's argument that edits to the protective order had to be proposed prior to its production is raised too late.  The parties relied on Defendant's contrary position prior to this evening.
- The language is ambiguous in any event and as evidenced by the history of this case, you have demonstrated your belief that disagreeing on everything is an effective discovery tactic, which is not supported by a case like this*[Steven Cowley]*  Your point seems to that you accuse me of intending to raise unjustified objections to redactions based on "Highly Confidential" designations.  Based on this concern, you insist that "Highly Confidential" designations be to entire documents, not redacted portions of documents.  Because unjustified objections to "Highly Confidential" designations are not possible if the objection refers to a complete document instead of a redacted portion of a document?  That is the logical reasoning grounding your position?  I believe you should reconsider your position, as the reasoning seems flawed.  In any event, your reasoning does not persuade Plaintiff to agree to a process that insures over-designation of discovery responses as "Highly Confidential," prohibiting Plaintiff's review of all the information so designated, when, if asked to identify the information qualifying for "Highly Confidential" designation Defendant would concede that some of the

3

information does not merit that designation and should be available for disclosure to the Plaintiff.  That is simply the wrong result.  The Plaintiff should have access to all discovery responses not meeting the qualification for designation as "Highly Confidential."  If an entire document meets that standard, the language proposed by the Plaintiff permits the entire document to be so designated, so it cannot result in the disclosure of information that should be not be disclosed.

If you need me to distill it down further, let me know.  If not, please be advised that we will raise these positions with Judge Cott as needed.  Or you can give on this singular term, just like we have decided that prudence merits compromise, and we can be done with it.  Up to you.  *[Steven Cowley]* If Defendant will not add the proposed language quoted twice in this email, the issue must be presented to the Magistrate Judge for resolution.

Regards,
Eleanor

## msk

**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Tuesday, October 26, 2021 11:22 PM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] RE: Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
Counsel,

Again, I am at a loss as to the purpose of your email, again. I gave you substantive responses to each point.  You seem oddly proud to pronounce that you have ignored my email.  Okay.  Nothing else for me to say, however, so why send an email arguing with something you claim at the same time not to have read?

I do not follow your second paragraph.  It seems to be a combination of independent arguments on unrelated issues.  In the end, I do not know what you are asking.

The parties have reached agreement on the text of the proposed protective order with the exception of one sentence.  Your emails have said multiple times that you will not agree with Plaintiff's edit on that issue and instead will present the disputed language to the Magistrate Judge for resolution.  It seems obvious that is what is required, and that is fine.  If your new email is intended to suggest that Defendant will reverse its position on all the other agreed edits since there is one disputed edit, all I will say is if you feel comfortable practicing that way, then I suppose that is what you will do.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com

---

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, October 26, 2021 10:58 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

Counsel,

Your responses are getting both smaller in font and longer in surplusage.  I started reading your lecture but didn't find it well-founded so I've ignored it. As noted, I will accept the compromise on the condition you agree to our compromise that I wasn't inclined to move from in any event.

However, it seems we have a disagreement on the provision relating to your request that we re-produce all documents that might arguably contain some portion that is not confidential.  We note that you refuse to acknowledge much less consider that this request comes over a month after we sent you the draft and not only will bog things down, but also comes after we started producing documents.  (Bates-stamping publicly filed exhibits isn't a document production and doesn't raise the issue given that the exhibits were previously publicly filed.)  Accordingly, we'll raise this with Judge Cott unless you agree that in exchange for us accepting all of your edits but this, you agree to strike your added sentence in paragraph 1.  In exchange for your agreement, we'll agree to your proposal on the mock juror idea.

Regards,
Eleanor

**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp** LLP | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Tuesday, October 26, 2021 10:26 PM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] RE: Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
Counsel,

Your comment - We disagree and will seek Judge Cott's ruling on this.  If we didn't have to argue on absolutely every little thing in this case, I might be amenable to it, but I anticipate you'll send us a lengthy letter regarding whether or not something was reasonable to designate or not.  We also have produced documents, while you have not.  If you would like to follow that provision, you can, but we are not re-designating documents at this stage - in no way argues for or against any designation procedure.  Unreasonable designations, overly critical objections, are equally likely or unlikely regardless of whether the procedure is to redact material designated highly confidential from one version of a document, or not.  The real question is what process is more reasonable and appropriate to the circumstances.  I have explained the reasons in favor of the language used in Judge Moses' model order.  You have said nothing in favor of your preferred procedure.  I have not been able to think of anything to say in support of your version either.

Your comment - Considering that your firm likely uses mock juries all the time and likely approaches the matter as we do, I'm a little surprised by this proposal.  However, your post-resolution/disposition compromise is acceptable so long as we are notified prior to contact – not for any reason other than the policy of not dissuading people from serving as potential mock jurors.  These parties are signing on to a court-ordered document.  That and our advising them of the seriousness of the order should be enough.  If you are amenable to the other terms, we can agree on this  - it is hard to follow your points concerning your speculation and surprise, as they say nothing about whether non-parties who receive material designated Highly Confidential must sign certifications that are provided to the producing party.  Stated differently, a non-party's certification that is not provided to the producing party is entirely meaningless.  There is no point to requiring a recipient to sign a confirmation, then keeping the certification in a file drawer of the receiving (non-producing) party, as that party will never have an incentive to disclose or enforce it should the producing party's material be disclosed in violation of the confirmation.  Your original proposal served no purpose whatsoever and there was an obvious alternative approach utilized by the majority of protective orders / stipulations I have encountered, is to provide no permission to disclosure of material designated Highly Confidential to mock jurors.  Given the mock juror process, typically there is a very simple work around – don't use actual data, such as the real financial statements produced with a Highly Confidential designation, when you can simply make up alternative data for the purpose of a mock presentation to a mock jury.  Rather than push back with these points in response to a proposal for a meaningless certification that is then withheld from the producing party, I proposed a compromise that left in your seemingly preferred approach, while actually accomplishing the purpose of a certification.  Since you agree to the alternative proposal, continuing to argue about why I proposed it is even harder to understand.  Please just adopt the proposal you say you accept.

Regards,


Steven M. Cowley
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142


SMCowley@duanemorris.com
www.duanemorris.com

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, October 26, 2021 9:57 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

Please see below inline in red.



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Tuesday, October 26, 2021 9:46 PM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] RE: Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
I do not understand the purpose of your email.  You made comments.  I provided substantive responses.  If and when you respond with anything substantive, I will consider it and respond.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, October 26, 2021 9:42 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

For a reason. We don't do model orders in the SDNY as a matter of common practice.  Normally the parties can work things out. I'll aim to do so here despite our disagreement as to some of the remaining positions.



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Tuesday, October 26, 2021 8:44 PM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] RE: Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
As stated in my first email, hers is the only model protective order on line.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, October 26, 2021 8:29 PM

**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

Counsel,

As far as I'm aware, Judge Moses is not assigned to this case.  Can you please let me know the basis for using a protective order that a different judge prefers?

Regards,
Eleanor

**msk**

**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Tuesday, October 26, 2021 8:24 PM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] RE: Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
Counsel,

Addressing the margin comments in order:

Paragraph 1 – "I'm not sure if this was supposed to be enumerated list or this is a typographical error."  Typographical error.  The process of copying and pasting from Judge Moses' Model Protective Order added an unnoticed numeral two, perhaps tied to the paragraph number from which the language was copied, or the page on which that paragraph starts.  Please delete. OK.  Will have my secretary do so.

Paragraph 1 – "Changed "person" to "party" in this revised section to be consistent with the rest of the order."  Person is copied from Judge Moses' Model Protective Order and I left it in because "party" is not sufficient.  If you change it, the change needs to be to "party or non-party."  I chose not to use that phrase but have no objection if you switch it. As noted, a random magistrate judge's model order is not controlling nor is it persuasive when every other magistrate judge has none.  I'm OK with using the language that appears in the remainder of the paragraph, i.e., "producing party or nonparty".  Please review the third line of the proposed paragraph for confirmation.

Paragraph 1 – "We are amenable to undesignating on reasonable request, but I fear that the level of what's acceptable is going to lead to delay and/or arguments.  The SDNY judges don't use a form (apart from a small handful), so I don't think Judge Cott will insist on this."  Again, this provision is copied directly from Judge Moses' Model Protective Order, is entirely neutral and far more efficient than drafting a new set of procedures for challenging the scope of the Highly Confidential designations within a document,

demanding redaction, and motion protocol for such demands when there is no agreement. The language addressing challenges to the designation of an entire document are not sufficient. And de-designation creates unnecessary burden on the wrong party. Each producing party must review its documents in full to determine if there is a basis to make any designation, or claim a privilege. Redactions on the latter ground already will be considered by the producing party. Designating portions of a document Highly Confidential for redaction and production of a version with that designation and redacted version without is a modest additional burden on the party already investing that time for similar decisions. Flipping the process imposes a burden on the receiving party to review each document designated Highly Confidential, guess as to the basis for such designation, mark up the document based on an assessment that the assumed justification does not apply to some portion(s), then propose redactions, all before getting the explanation of the designation. That is both wasteful and awkward. Plaintiff believes Judge Moses has it right. We disagree and will seek Judge Cott's ruling on this. If we didn't have to argue on absolutely every little thing in this case, I might be amenable to it, but I anticipate you'll send us a lengthy letter regarding whether or not something was reasonable to designate or not. We also have produced documents, while you have not. If you would like to follow that provision, you can, but we are not re-designating documents at this stage.

Paragraph 3 – agreed as to both comments.

Paragraph 7(e)(ii) – "We see no reason to unmask prospective mock jurors and believe it would be harassing to them. We prefer to default to the standard language." I am not sure what you mean by "unmask," since mock jurors do not have an expectation of confidentiality regarding their identities, in my experience. Confidentiality obligations run the other way with mock jurors. I suspect you mean that a party employing mock jurors will have an interest in keeping that tactic a secret. But the purposes of the certification / disclosure to the producing party provision are to serve as a warning to the permissible recipients that their confidentiality obligation may be enforced, making it more likely they will honor it, and to put the producing party in a position to trace a leak to back to the source. I propose as a compromise potentially serving both interests that the disclosure of the mock jurors' certifications occur post-trial / settlement / judgment prior to trial, whichever occurs first. Considering that your firm likely uses mock juries all the time and likely approaches the matter as we do, I'm a little surprised by this proposal. However, your post-resolution/disposition compromise is acceptable so long as we are notified prior to contact – not for any reason other than the policy of not dissuading people from serving as potential mock jurors. These parties are signing on to a court-ordered document. That and our advising them of the seriousness of the order should be enough. If you are amenable to the other terms, we can agree on this.

Paragraph 17 – agreed.

Exhibit A – agreed.

Regards,


**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142


SMCowley@duanemorris.com
www.duanemorris.com

---

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Monday, October 25, 2021 11:30 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley

<bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: Draft Stipulated Protective Order

Counsel,

Thank you for this revision.  While there are some terms that you changed that we'd prefer to have, in the interest of getting this completed, we have taken a very light touch and have accepted nearly everything, with some comments as reflected in the attached.  Please note that while my redlining was in a different color from yours when reviewing, it defaulted to the same color upon hitting "save," so I have flagged all of the edits that were made (including typographical corrections) for your easy reference.

Nothing is substantial much less material, so I trust we'll be able to wrap this up tomorrow.

Regards,
Eleanor



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Monday, October 25, 2021 2:24 PM
**To:** Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Mullins, Bradley <bym@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** [EXTERNAL] Draft Stipulated Protective Order

-EXTERNAL MESSAGE-
Counsel,

I have attached Plaintiff's edits to your draft stipulated protective order. Our edits are identified in track changes.  The reasons for most edits are self-explanatory.  In addition, we note the following, should the reason for certain edits not be apparent:

- The description of acceptable grounds on which a producing party may designate information or a document "CONFIDENTIAL" is taken from Judge Barbara Moses' Model Protective Order linked here - https://nysd.uscourts.gov/sites/default/files/practice_documents/BM%20Moses%20Model%20Protective%20Order%201.31.20.pdf.  This is the only model protective order I have located on the SDNY website.  Authorization for a producing party to designate material it deems embarrassing or damaging to its reputation has proved to be the source of disputes concerning over-designation in the past, and unhelpful on its face to drawing the lines necessary to resolve such disputes, given that some parties may consider the mere fact that they are involved in a lawsuit to be embarrassing and damaging to their own opinions of their reputations.  While all parties would agree that every document associated with a lawsuit does not merit restriction on disclosure or use in the

lawsuit, concepts such as embarrassment or adverse to a party's opinion of its own reputation are not helpful to identifying which documents merit such restrictions.  Judge Moses' Model Protective Order is more helpful to that task and clearly neutral.

- Plaintiff does not agree that there is any justification to produce any discovery responses in this case merely for inspection, and will not agree to include proposed paragraph 2 ostensibly permitting such tactic across the board, without specific need or other justification being demonstrated.
- The final two sentences in your proposed paragraph 13 (paragraph 12 post-deletion of paragraph 2) contemplates an automatic destruction of electronic and paper court records that does not appear to be consistent with any rule or procedure concerning court records of which I am aware.  Plaintiff does not agree to submit a proposed order to the Court that will contravene established Court procedures without identifying a specific need for such relief.  Plaintiff is not aware of any such need presented by this case.

Our edits are intended to catch the re-numbering of paragraph references necessitated by the deletion of paragraph 2  (other than in the certification for permissible recipients of designated materials), but that should be double-checked.  It will be easy to have missed one or two necessary edits caused by that deletion.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.