

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
E-MAIL: SMCowley@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

December 28, 2021

VIA ECF

The Honorable Analisa Torres
United States District Judge
The Honorable James L. Cott
United States Magistrate Judge, S.D.N.Y.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: ***Tom Hussey Photography, LLC v. BDG Media, Inc.*,
      Index No. 1:21-CV-3514-AT**

Dear Judge Torres and Judge Cott:

  This firm represents plaintiff Tom Hussey Photography, LLC in the above-captioned action. We write regarding the status of settlement of this action and the Court's order dated November 10, 2021 (Dkt. No. 73) dismissing the action based on the parties' agreement to settle their dispute reached over the course of a Settlement Conference before Judge Cott that began on November 5, 2021 and concluded on November 9, 2021 (the "Order"). The Court's order directed that any application to reopen the action in the event that the settlement is not consummated "must be filed within thirty days of this Order". That deadline was extended until January 10, 2022, by the order of Judge Cott dated December 6, 2021 (Dkt. No. 80), at the request of defendant BDG Media, Inc. (Dkt. No. 75 at p. 3).

  There is no disagreement between the parties concerning the terms of a written settlement agreement. Nevertheless, defendant refuses to counter-sign and return the final settlement agreement executed and served by the plaintiff, and defendant now seeks to postpone indefinitely its obligation to make the agreed upon settlement payment to the plaintiff (*see* Dkt. 81). Seeing no alternative to achieving consummation of the settlement agreement reached on November 9, 2021, plaintiff hereby requests that the Court re-open the case in order for plaintiff to submit a

DUANE MORRIS LLP

100 HIGH STREET, SUITE 2400   BOSTON, MA 02110-1724  PHONE: +1 857 488 4200   FAX: +1 857 488 4201



The Honorable Analisa Torres
The Honorable James L. Cott
December 28, 2021
Page 2

motion to compel defendant to countersign and comply with the terms of the parties' final written settlement agreement, a copy of which is enclosed as Exhibit A[1], including defendant's obligation to pay plaintiff's reasonable attorneys' fees incurred in order to enforce the settlement agreement.

**The Parties Reached Full Agreement On The Terms Of A Written Settlement Agreement**

On December 18, 2021, through counsel, plaintiff provided a signed settlement agreement containing what plaintiff expected to be the final terms incorporating the parties' respective compromises on the language of various provisions.  *See* Exh. A.  On December 22, counsel for defendant reported "we can agree to the form of the agreement from the 18th and we can get your client paid on January 6."  *See* Exhibit B, December 22, 2021 email from defense counsel Eleanor Lackman to plaintiff's counsel.

Defendant has not identified any issue with the language of the final settlement agreement that has held up consummation of the parties' agreement since December 22.  Instead, defendant has refused to return a countersigned settlement agreement, and now seeks permission to postpone its agreed-upon settlement payment indefinitely, due to its unilateral declaration of a dispute concerning a discovery issue – the handling of discovery materials produced with a confidentiality designation following the termination of the case.  For the reasons set forth below, this discovery issue raised only after a settlement was reached on November 9, 2021 as a result of the Settlement Conference with Judge Cott, if an issue at all[2], is entirely independent of

---

[1] The parties' Settlement Agreement contains a confidentiality provision, which includes an exception for disclosures "as necessary in connection with any proceeding to enforce the terms of this Agreement."  *See* Exh. A at Section 8(b).  Out of an abundance of caution, plaintiff has requested leave to file the Settlement Agreement under seal, but in light of that exception and the Court's November 10, 2021, Order requiring that the Settlement Agreement be filed with the Court should the parties request that it exercise jurisdiction to enforce its terms, should the Court believe that it is not appropriate to place the Settlement Agreement under seal, plaintiff has no objection to its being filed on the public record.  Presumably, defendant will submit a position in support of maintaining the Settlement Agreement under seal if it has an objection to public disclosure and believes there is a basis to maintain it under seal.

[2] Plaintiff does not believe there is any meaningful disagreement between the parties and has repeatedly expressed a willingness to confer with the defendant on its changing demands, despite defendant's suggestion that impasse has been reached in its request for a hearing submitted yesterday, *see* Dkt. No. 81.  Plaintiff will respond separately tomorrow to the defendant's request for a hearing on the discovery documents issue, in the hope of explaining how close the parties' actual positions are.



The Honorable Analisa Torres
The Honorable James L. Cott
December 28, 2021
Page 3

the consummation of the parties' settlement agreement and cannot justify defendant's refusal to make the agreed-upon settlement payment.

**<u>Consummation of the Settlement Agreement is not Conditioned on the Resolution of Defendant's Alleged Discovery Issue</u>**

On November 9, 2021, the parties' reached an agreement to settle this litigation after identifying and reaching agreement on all material terms. At no point during the Settlement Conference that led to the parties' settlement agreement did the defendant raise as a condition of settlement any aspect of a proposed protective order discussed by the parties during document production, but not finalized or submitted before the close of fact discovery and commencement of the Settlement Conference.

Following the Settlement Conference, defendant demanded that plaintiff complete and submit a stipulated protective order governing discovery productions. A disagreement concerning the scope and nature of documents defendant designated as confidential in productions made in the last few days before the fact discovery deadline, plaintiff did not agree to defendant's comprehensive protective order demand and, instead, sought to reach agreement on specific documents. Defendant rejected that approach and, instead, submitted a letter motion to the Court on December 1, 2021, requesting entry of its proposed protective order and representing that this issue "is resulting in an inability to complete the settlement agreement" (Dkt. No. 75). Plaintiff opposed defendant's request. By Order entered December 6, 2021, Judge Cott decided against entering the protective order requested by the defendant, instead instructing the parties "to further meet and confer to work out a resolution to this issue" (Dkt. No. 80). Judge Cott further instructed: "This issue should not get in the way of consummating the settlement." *Id.*

Following that December 6 Order, counsel for defendant twice confirmed that they understood the parties were to address consummation of the settlement agreement independent of the discovery documents issue, one time even accusing plaintiff of inappropriately treating them as combined. Specifically, on December 9, 2021, attorney Edelman wrote "we will proceed on separate tracks between the settlement agreement and resolving the issue regarding the designations." *See* Exhibit C, December 9, 2021 email at yellow highlighted language. Later that day, attorney Lackman repeated defendant's understanding that the two issues are independent and accused plaintiff of tying them together somehow: "you seem to think that the confidentiality issue (which should be a non-issue) and the settlement agreement are tied together. They are not." *See* Exhibit D, December 9, 2021 email at yellow highlighted language. But plaintiff never suggested the two issues should be tied together and on December 13, 2021, provided edits to defendant's revised version of a settlement agreement received the day before and, without waiting for a response, informed defense counsel that plaintiff agreed to defendant's request for the return of the documents designated as confidential that were

DuaneMorris

The Honorable Analisa Torres
The Honorable James L. Cott
December 28, 2021
Page 4

identified in plaintiff's letter in opposition to their motion for entry of a protective order. *See* Exhibit E, December 13, 2021 email at yellow highlighted language.

Plaintiff believed that fully resolved defendant's stated confidentiality concern and its demand the previous day that plaintiff "either return or destroy all copies of such documents". Instead, defendant responded the next day by identifying two additional documents not yet considered by the plaintiff and then later by changing the demand and insisting that all designated documents be "destroyed," not returned. Plaintiff's counsel, in turn, responded that he will confer with the plaintiff concerning the supplemented and revised demand, and that he will work with defendant's counsel to address their new demands in advance of the January 10, 2022, deadline to request further relief from the Court.

Again, plaintiff believed that its response was fully consistent with Judge Cott's direction that the parties further meet and confer to resolve the defendant's documents demand without need for a protective order and the instruction that such efforts should not interfere with consummating the settlement agreement. But then defendant reversed its prior acknowledgement that consummation of the settlement agreement and resolution of the discovery documents issue are independent and on separate tracks. Now, even though defendant acknowledges that it agrees to the terms of the final written settlement agreement provided by the plaintiff (*see* Exh. B), defendant will not voluntarily countersign and make the agreed-upon settlement payment, because it believes it will lose some perceived "leverage" if it does so. *See* Exhibit F, December 22, 2021, email from defendant's counsel at yellow highlighted language. As defendant makes explicit, the "leverage" it perceives from failing to consummate the settlement agreement is the risk defendant's tactic poses that resolution of defendant's discovery documents demand will stretch past the deadline to seek re-opening of the case, at which point plaintiff will have "no recourse" or ability to recover the agreed upon settlement amount.

Plaintiff believes defendant's refusal to consummate the settlement agreement in hopes of exploiting perceived "leverage" is in bad faith and contravenes Judge Cott's instruction that defendant's documents issue "should not get in the way of consummating the settlement." (Dkt. No. 80).

Accordingly, plaintiff requests that the court re-open this matter in order to enable plaintiff to move forward with a motion to enforce the parties' settlement agreement, seeking to hold defendant in breach of its agreement, compel payment of the agreed-upon settlement amount, plus interest and attorneys' fees pursuant to Section 10 of the settlement agreement (*see* Exhibit A at p. 4.

Respectfully Submitted,

Steven M. Cowley

cc: All counsel of record via ECF