# EXHIBIT E

# Cowley, Steven M.

| | |
|---|---|
| **From:** | Cowley, Steven M. |
| **Sent:** | Monday, December 13, 2021 7:40 PM |
| **To:** | 'Lackman, Eleanor'; Edelstein, Lindsay; Mullins, Bradley |
| **Cc:** | Chen, Peggy S. |
| **Subject:** | RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order |
| **Attachments:** | Tom Hussey Photography, LLC v. BDG Media, Inc. - Draft Settlement Agreement (DM Edits 12.13.01).docx |

Counsel,

I have attached Plaintiff's revisions to the draft settlement Defendant circulated yesterday.

It is not possible for Plaintiff accurately to represent that it has reviewed the Flavorwire Website for the Copyrighted Works at issue in this lawsuit, let alone any other work, given the tens of thousands of pages with images making up that Website. As you are aware, Defendant's Samantha Rullo testified that it was not feasible for her integration team to review the volume of images on those tens of thousands of pages, so they reviewed only what she considered high traffic pages and left all the rest unchecked. It cannot be disputed that Defendant has a vastly greater ability to review its Flavorwire Website for images than Plaintiff. It should be obvious to Defendant that Mr. Hussey will never be able to undertake the review that Defendant itself claims to have been unable to undertake. In any event, Plaintiff will not agree that Mr. Hussey will undertake such a review. The representation demanded by the Defendant – which was not requested during the Settlement Conference and clearly not relied upon Defendant when it agreed to make the settlement payment, since it was not made prior to Defendant's agreement – as it is now set forth in this draft is all Plaintiff can provide. If it is unacceptable, then the mutual representations should be removed and the parties should be left in the same position they were in when the settlement agreement was reached.

Plaintiff has identified bates pages BDG000001-48, BDG000304-308; BDG000309-311; and BDG326-362 as containing confidentiality designations by the Defendant. Plaintiff does not agree that any of those documents merits a confidentiality designation. Nevertheless, Plaintiff agrees to return those documents to Defendant's counsel. Plaintiff itself never received a copy of any of those documents, so there is no paper or electronic version from Plaintiff's own files to return. Plaintiff's counsel will return those documents through a separate email.

Plaintiff understands that agreement fully addresses any confidentiality concern Defendant identified by the Defendant. Should Defendant request that Plaintiff consider returning any other document, we will need to receive a specific identification by bates number of the document at issue.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142