

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
eml@msk.com

December 28, 2021

**BY ECF**

The Honorable Analisa Torres
The Honorable James L. Cott
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street
United States Courthouse
New York, NY 10007

Re:   *Tom Hussey Photography, LLC v. BDG Media, Inc.*, 21-cv-03514 (AT)(JLC)

Dear Judges Torres and Cott:

On behalf of defendant BDG Media, Inc. ("BDG"), we write to the Court to briefly respond to the submission made this evening by plaintiff Tom Hussey Photography, LLC ("THP") in violation of Fed. R. Evid. 408 and the parties' commitment to keep the terms of the draft and discussed agreement confidential.

At the outset, BDG notes that the publicly filed letter and certain exhibits disclose terms in violation of the letter of the agreed-upon terms between the parties, and BDG respectfully requests that all documents discussing the terms be removed from the public docket until the disclosed terms can be redacted. Indeed, THP cannot reconcile its stated need to go to the Court to seek an order that an unsigned agreement needs to be enforced, while at the same time relying on a term that indicates that disclosure may be had if the final agreement is breached. This unnoticed filing is pretext, and it is improper.

While THP's convoluted and premature submission is plainly misplaced, there are certain points that are materially false and merit addressing in brief. First, contrary to the claims made in THP's letter, there was disagreement regarding material terms of the agreement, particularly at the outset. For example, BDG was surprised to learn during the negotiations that THP refused to give a full release, as evidenced by the first draft of the agreement, which BDG drafted and which contained such a release. BDG was further surprised and troubled that THP adamantly refused to state that it was not aware of any other potential claims against BDG. These and other material disagreements led to a much longer than expected negotiation. However, in the interest of resolving the matter quickly and moving on in full, BDG worked through the issues and proposed some final language. BDG also indicated its concern about the strange positions THP was taking regarding the documents and sought to bring that uncertainty to a close. On Saturday, December 18, THP sent back a redline of the proposed agreement, said that it would sign it, and indicated that if BDG did not sign the agreement in the exact form proposed (regardless of client review and approval), BDG somehow would be in breach. Further, without the signature on the draft in the form THP sent, THP would not discuss the issue of confidentiality because it would be restoring the case to the docket.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com

13849328.1



The Honorable Analisa Torres
December 28, 2021
Page 2

THP tries to create the appearance of inconsistent positions, but its omission of the full exchange between the parties on this topic is telling. Simply put, as noted in BDG's letter, THP sought to wait until all claims were released before following through on the issue of designated documents. And, as THP's actions in this case demonstrate, BDG had every reason to be concerned about whether THP would act in good faith regarding documents produced in the lawsuit once BDG had released all claims pertaining to the lawsuit.

Second, BDG made efforts to try to reason even in the face of THP's threats and uncivil rhetoric. As indicated in the enclosed Exhibit A (with settlement-related terms redacted), BDG had no choice but to go to the Court to seek Judge Cott's help. *See* ECF No. 80 (indicating that if the parties were unable to resolve the issue, they should seek a conference with the Court). Characteristically, THP has used BDG's simple request for assistance as an excuse to engage in more gamesmanship and prolong the proceedings unnecessarily. Given that this is a dispute that another Court dismissed, and which is subject to a similar motion here, THP appears to have lost sight of what it stands to gain by a quick resolution.

Finally, THP heavily misstates the history of the discussion regarding the protective order. That history is described at ECF No. 75, and therefore BDG will not burden the Court with repeating it here. Notably, similar to the current situation, THP—at the very last minute when it thought it had some type of advantage—declined to follow through on its agreement to complete the task of signing the protective order, finding excuses for not doing so. Moreover, even though the parties were in agreement as to how the protective order would work, THP admits that it will not destroy all copies of documents and that it refuses to destroy (or return) documents that BDG has designated as confidential. Accordingly, BDG's request of yesterday (ECF No. 81) is well-founded, and THP's improper request to this Court should be dismissed.

We thank the Court for its time and attention to, and patience with, this matter.

Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML
Encl.
cc:     All counsel of record (via ECF)