**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Thursday, December 23, 2021 6:05 PM
**To:** 'Cowley, Steven M.' <SMCowley@duanemorris.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

Counsel,

This is about the most absurd thing I've seen in 20 years of practice.  I have no interest in engaging with you further if this is how you're going to behave.

Please ask your client whether it will consent to the destruction of *all* documents BDG has designated as confidential/highly confidential/AEO.  If it is amenable to that, we can sign the agreement.  If your client is going to hold off on taking a position until the agreement is signed, then we need to get some help.  That is all.

Have a good Christmas.

Regards,
Eleanor



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Thursday, December 23, 2021 3:27 PM
**To:** Lackman, Eleanor <eml@msk.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

-EXTERNAL MESSAGE-
Counsel,

My responses to attorney Lackman's email at 11:31 p.m. last night are in-line in that email below, in red.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com


**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Wednesday, December 22, 2021 11:31 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

Counsel,

I cannot go past the comment regarding additional documents. *[Steven Cowley]* You will need to "go past" that line to be aware of what I said in my email.  Announcing that you intentionally remain unaware of what is said in my email raises the question what is the actual purpose of your email?  We did not refuse to identify anything further.  In fact, Lindsay identified other documents to you a few days ago.  *[Steven Cowley]* As referenced in my email.  If you need us to resend that message, please let me know.  *[Steven Cowley]* This is a non sequitur following my email.  We expect all of the identified documents to be included in the documents that should be divested of your possession, custody, or control, which is what "return" means.  The fact that you refuse to delete all copies of the designated documents – in favor of retaining copies and simply sending copies to us – is a very big red flag.*[Steven Cowley]* What "refus[al]" do you refer to? Please specify the communication by date and time.  I am confident I did not send one.  If you contend that this representation is not intentionally false, you need to reference the communication from me on which you contend to rely in good faith.

We reached an agreement in principle*[Steven Cowley]*  The parties reached a binding settlement agreement, already relied upon by the Court and enforceable by the Court to redress Defendant's breach. ; if our agreement is not finalized and the window closes, the plaintiff is left with no recourse.*[Steven Cowley]*  Okay, but why would that happen?  Plaintiff will file a motion to reopen and seek appropriate relief for Defendant's breach.  Why does defendant believe it is relevant to discuss

2

what the status would be in defendant's hypothetical scenario where those actions are not taken?  Subsequently, the court asked us to work out the confidentiality issues and granted an extension in part on that basis, and in part because we provided the courtesy to try to get this done rather than leave your client in the lurch.  **[Steven Cowley]**  Your characterization of the Court's action is not necessary, since the order says what it says.  And your characterization of your motives lacks all credibility.  Plaintiff certainly does not agree that is accurate.  We have not worked the matter out, so we'll just go to the judge.  Call them what you want, but they're not "wild threats."  I have other projects to work on and cannot spend more time going around in circles simply because you prefer to play games rather than wrap this matter up for your client on reasonable terms.  **[Steven Cowley]**  This is a level and nature of communication that you insist on using, which is unfortunate, and unprofessional, but obviously adds nothing of substance whatsoever to the discussions.  You'll see our letter in the coming days.  I'll update my client in the meantime that you have declined to discuss confidentiality until we have no leverage over the issue anymore.**[Steven Cowley]**  You are looking for leverage for your client? I do not understand how that statement is anything other than a candid admission that defendant is acting in bad faith.  We agree.  Defendant's attempt to gain "leverage" should have come to an end on November 9.  Yet defendant refuses to honor its agreement reached on November 9 because it inaccurately perceives that it has an opportunity to gain further "leverage." That is simply a breach of an agreement already reached. For plaintiff's part, I have repeatedly informed you that I will confer with the plaintiff concerning the revised demand and new documents once it is clear that defendant has withdrawn its rejection of the settlement agreement by signing and returning it.  Defendant continues to refuse to do so, making it unlikely that we will ever receive a voluntary honoring of the settlement by the defendant, and necessitating further litigation to compel it.  As a result, there is no relevant discussion to be had with Mr. Hussey concerning the return of any documents at this time.  The continuation of the copyright infringement litigation is one of the potential results of defendant's breach of the parties settlement agreement.  Since plaintiff agreed to the first demand from the defendant despite disagreeing that any document then at issue met the qualifications for "confidential" designation, it is hard to understand defendant's insistence that it will not discuss its new demand with the plaintiff.  But, that remains defendant's position, so there is nothing more I can do but wait to give the defendant a chance to rethink its tactics and honor its settlement agreement.  If it continues to refuse to do so, plaintiff will seek to reopen the case and hold defendant accountable.

Regards,
Eleanor

**Eleanor M. Lackman** | **Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Wednesday, December 22, 2021 11:23 PM
**To:** Lackman, Eleanor <eml@msk.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

-EXTERNAL MESSAGE-
Counsel,

Defendant unilaterally moved for an extension of the deadline to seek reopening of the case to address its alleged confidentiality issue. That motion was granted by Magistrate Judge Cott resulting in the current deadline, chosen by the defendant. Plaintiff does not agree to seek a further extension of that deadline.

Plaintiff cooperated fully with defendant's prior request to "return or delete" – which in no way constitutes a position that return means delete – documents alleged to be "confidential," after discussing all such documents I was able to identify, with defendant refusing to identify any other document. When I communicated plaintiff's agreement to return those documents as requested, defendant reversed position, arguing for the first time that it demands deletion only and finally identifying documents it claims to be "confidential" that plaintiff did not identify on its own. Given the defendant's rejection of the execution version of the settlement agreement and disavowal of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to resolve the litigation, I have not addressed defendant's new document demands with plaintiff at this time. I will, if there is no dispute concerning defendant's rejection of the execution version of the settlement agreement.

Your attempt to characterize plaintiff's position is inaccurate. Plaintiff's position is that the parties reached a settlement agreement on November 9, and defendant is in breach of that agreement.

Your wild threats concerning further litigation – stacked as they are on a countless number of similar threats over the last month and a half – exemplify why the plaintiff cannot trust any agreement to agree by the defendant. Without a signed settlement agreement returned by the defendant, plaintiff must assume that continued frivolous positions will be asserted in bad faith and your rejection of the agreement stands.

I will not be in a position to respond to any further communication on this case until tomorrow morning, at the earliest, and likely not until tomorrow afternoon. If we receive the fully signed settlement agreement, I will schedule a call with the plaintiff to discuss defendant's document demands and respond after Mr. Hussey is able to confer with me. I do not know whether he will have any availability tomorrow, given his assignment schedule.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP

100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com


**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Wednesday, December 22, 2021 10:58 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

Counsel,

We cannot release this case without knowing the status of the confidentiality issue.  Your prior position was different – indeed, you tied it to specific terms, not the overall agreement.  You seem to agree with us in more recent correspondence.

If you agree that we can keep the case open until we resolve the confidentiality issue, then we can send you the signed agreement with that added caveat.  Or we can wait to hear back from your client as to whether it will agree to destroy all copies of documents designated confidential.  Do you have any reason to think you won't be able to reach your client in the next day or two?

Or are you saying that we have no deal because you want to come back to us once the deal is signed and the release is filed and say there's no jurisdiction and no issue on confidentiality?  Because that's what it sounds like to me.  I need some form of assurance.  I've given you an option.  If you are confirming you will not accept it, then we will go to the judge and all of this will be put off until convenient for the magistrate judge.  We'll also seek our fees.  Ask your client how important this is to it.

As to the missing words, the prior sentence read: "My point has been that your client should not assume anything about an agreement in a form that , but I'm optimistic that we'll be able to get to a resolution quickly."  The revised sentence read (edit in bold): "My point has been that your client should not assume anything about an agreement in a form that **my client has not seen**, but I'm optimistic that we'll be able to get to a resolution quickly."  If that edit affects your positions, please advise immediately.

Regards,
Eleanor



**Eleanor M. Lackman** | **Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Wednesday, December 22, 2021 10:40 PM
**To:** Lackman, Eleanor <eml@msk.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

-EXTERNAL MESSAGE-
Counsel,

On December 9 (3:27 p.m.) attorney Edelstein represented: "we will proceed on separate tracks between the settlement agreement and resolving the issue regarding the designations."

On December 9 (4:21 p.m.) attorney Lackman represented: "you seem to think that the confidentiality issue (which should be a non-issue) and the settlement agreement are tied together.  They are not."

Please scroll down in this email chain to see your prior representations.

Based on the email sent tonight, it appears attorney Lackman now takes the contrary position that the settlement agreement and defendant's demands regarding alleged confidentiality are locked together.  It should be apparent why plaintiff is unable to rely on defendant's vacillating representations. What point would there be to ascribing any credibility to either of defendant's stated positions – they oppose each other and cancel themselves out.

If defendant changes its position and no longer stands by your rejection of the execution version of the written settlement agreement and disavowal of the agreement to ███████████████ proposed by Magistrate Judge Cott during the parties' settlement conference, then please forward a fully signed agreement.  If defendant does not actually sign and return the agreement, plaintiff places no weight on any suggestion that it might happen in the future.

I have informed you that I will confer with the client when I know the issues to be addressed. If we do not have a signed agreement, there will be no point in discussing document return / deletion or any other issue relating to alleged confidentiality concerns.  Instead, I will confer with the plaintiff concerning the necessary motion to re-open the case and next steps.

If defendant signs and returns the settlement agreement, I will confer with the plaintiff concerning defendant's new request to now "delete" instead of "return" documents and the newly identified documents.

I have no idea what you are referring to as "missing words." If you choose not to identify them, they simply remain missing and it is not clear why you refer to them at all.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com


**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Wednesday, December 22, 2021 9:23 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

Counsel,

I'm not looking to overcomplicate things regarding the confidentiality issue. What I am suggesting is simple: for the documents you identified, which identification Lindsay Edelstein supplemented last week, will you agree to destroy all copies and certify you have done so? I appreciate that "return" made sense for a paper world, but in the modern era, I interpret "return" to mean "delete." Put simply, once the task is completed, all copies of the designated documents will be gone. How you term it is of no moment so long as we agree that they will no longer exist in your firm's, or your client's, or ImageRights', possession, custody or control (to the extent it ever did).

If you can agree to the above, we can agree to the form of the agreement from the 18th and we can get your client paid on January 6. If we have to keep going around in circles on meaningless issues, I would rather just get the court's assistance.

To your last point: If you didn't see my missing words, then there's nothing further to communicate.

Please let me know your position so that I know whether to instruct my client to ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

Regards,
Eleanor



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Cowley, Steven M. <SMCowley@duanemorris.com>
**Sent:** Tuesday, December 21, 2021 2:41 PM
**To:** Lackman, Eleanor <eml@msk.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

-EXTERNAL MESSAGE-
Counsel,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Your December 12 email requested that plaintiff "either return or destroy all copies" of allegedly confidential documents. Since my December 9 email to you explained that "send[ing] back" documents produced and stored electronically duplicates, at a minimum, the number of electronic copies in the sender's systems, we expected that you meant "return" for what I explained it means. So, when I spoke with Mr. Hussey about the request to return documents, we only spoke about the documents we identified as alleged by defendant to be confidential, and I communicated plaintiff's agreement to return those documents on December 13. On December 13 attorney Edelstein responded to our numerous prior requests that defendant identify any other documents it alleges to be confidential. I did not have that information when I spoke with Mr. Hussey before providing his response on December. Since your initial response to the final version of the parties' settlement agreement (as plaintiff understands it) was to reject it, I did not have any further discussion with Mr. Hussey concerning allegedly confidential documents.

It is our understanding that defendant has now changed its position and no longer proposes the choice of "either return or destroy all copies," and now requests solely "deletion." I will add that to the issues to discuss with Mr. Hussey if it turns out that such a discussion is relevant. If defendant continues to

reject the settlement agreement, no discussion of allegedly confidential documents is appropriate.  Since Mr. Hussey has a very busy assignment schedule this month, I am waiting to schedule a single discussion of any and all relevant issues with him.  Specifically, when we are informed whether Defendant continues to reject the settlement agreement or changes its position and returns a signed agreement, I will schedule a call with Mr. Hussey.  As noted previously, the parties are well within the extended deadline you requested to resolve the alleged confidential documents issue.

I do not know what you refer to as fixing an omission in your email from yesterday.  If there is something new you wish to communicate, please put it in a new email.

Regards,

**Steven M. Cowley**
Partner

Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
**P:** +1 857 488 4261
**F:** +1 857 401 3090
**C**: +1 617 429 7142

SMCowley@duanemorris.com
www.duanemorris.com


**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, December 21, 2021 1:51 PM
**To:** Cowley, Steven M. <SMCowley@duanemorris.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

Counsel,

Following up on the below. I've also fixed an omission in my note from yesterday.

Regards,
Eleanor

**msk**

**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Monday, December 20, 2021 2:02 PM
**To:** 'Cowley, Steven M.' <SMCowley@duanemorris.com>; Mullins, Bradley <bym@msk.com>; Edelstein, Lindsay <lre@msk.com>
**Cc:** Chen, Peggy S. <PSChen@duanemorris.com>
**Subject:** RE: [EXTERNAL] Activity in Case 1:21-cv-03514-AT-JLC Tom Hussey Photography, LLC v. BDG Media, Inc. Order

Counsel,

I am waiting to hear from my client regarding the scope of the release and the ability to ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ My point has been that your client should not assume anything about an agreement in a form that my client has not seen, but I'm optimistic that we'll be able to get to a resolution quickly.  Please send me ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Maintaining that spirit of optimism, can you please confirm that all copies of the documents designated by you, as updated by Lindsay last week, will be deleted?  As noted, returning electronic copies means only making another copy, so the technologically logical way to go regarding non-physical documents is deletion, not "return."

Regards,
Eleanor

**msk**

**Eleanor M. Lackman** | **Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.