NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY



*FIRM and AFFILIATE OFFICES*

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
*E-MAIL:* SMCowley@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

December 28, 2021

**VIA ECF**

Honorable James L. Cott
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street, Room 1360
United States Court House
New York, NY 10007

**Re: *Tom Hussey Photography, LLC v. BDG Media, Inc.***
**C.A. No. 21-cv-03514-AT-JC**

Dear Judge Cott:

On behalf of plaintiff Tom Hussey Photography, LLC, I write in response to the letter motion submitted by defendant BDG Media, Inc. on Monday, December 27, 2021 (Dkt. No. 81). This is defendant's second post-settlement motion seeking the Court's intervention to address a discovery issue that was not timely raised prior to the expiration of the fact discovery deadline. Defendant's second letter motion on this untimely issue is particularly hard to understand, given that defendant has ignored Your Honor's instructions concerning how the parties are to resolve defendant's alleged document confidentiality issue (Dkt. No. 80). Plaintiff believes that defendant's actual reason for presenting its second letter motion is to bring consummation of the parties' settlement agreement to a halt and indefinitely put off, if not avoid altogether, its obligation to make the agreed-upon settlement payment – the opposite of Your Honor's instruction.

To address defendant's refusal to consummate the parties' settlement agreement, plaintiff has now submitted a letter motion of its own requesting that the case be re-opened in order to permit plaintiff an ability to enforce the parties' settlement agreement and obtain relief for defendant's breach of that agreement (Dkt. No. 83). For the reasons stated in plaintiff's motion to reopen the case, plaintiff opposes defendant's request that Your Honor declare that the parties have no obligation to consummate and perform their settlement agreement at this time. Plaintiff's request for an order relieving it of its settlement obligations indefinitely is contrary to Your Honor's instruction, in response to defendant's first letter motion directed at its alleged



confidential documents concern, that "[t]his issue should not get in the way of consummating the settlement." (Dkt. No. 80). With full agreement between the parties having been reached as to the terms of a written settlement agreement, no further delay in consummating and performing that agreement is merited, and defendant's renewed request to declare the settlement secondary to its documents issue should be rejected.

Defendant's second letter motion also requests that Your Honor schedule a conference to discuss defendant's alleged concern regarding confidential documents. Plaintiff will make its counsel available for any conference Your Honor deems necessary. For the reason explained below, plaintiff does not expect that a conference is necessary. Should Your Honor determine otherwise, plaintiff requests that the defendant be required to submit the documents it claims give rise to its two letter motions for in camera review and discussion at that conference. The reason plaintiff refers to defendant's position as an "alleged" concern is, having reviewed the documents at issue, plaintiff cannot understand how any merits a confidential designation, or concern. One document at issue relates to defendant's private transaction with a third party, but defendant unilaterally redacted the information that likely have gone beyond defendant's public disclosures concerning that transaction. The portion produced appears wholly mundane and / or publicly disclosed. The remaining documents primarily refer to conduct by a third-party, not the defendant, and plaintiff does not understand how defendant claims any confidentiality about its communications referring to that other party's actions.

Ignoring its questions concerning the merits of defendant's confidentiality designations, plaintiff conferred with defendant to address its December 12, 2021 demand that plaintiff "either return or destroy" documents designated as confidential. On December 13, 2021, plaintiff identified the five documents with a confidentiality designation plaintiff had located when responding to defendant's first letter motion on this issue (bates numbered BDG000001-48, BDG000304-308; BDG000309-311; and BDG326-362). Plaintiff's counsel informed defendant that the plaintiff that it had not received a copy of any of those documents, and plaintiff's counsel agreed to return their copies of the documents to defendant's counsel. On December 14, 2021, defendant's counsel identified two additional documents (bates numbered BDG000075 and BDG000289-BDG000295). On December 18, 2021, defendant revised its demand further, asking that none of the electronically produced documents be returned (since, as plaintiff informed defendant, that will create an additional copy of the documents in counsel's email system) and instead demanded that the documents be destroyed. That December 18 revised demand was sent along with a revised draft of the written settlement agreement. That same day, plaintiff provided a new version of the written settlement agreement and explained the reasons plaintiff would not accept some of defendant's proposed language. Defendant's counsel immediately (within three minutes) responded: "Sounds like we don't have a deal. We'll reach out to Judge Cott for assistance." *See* Exhibit A, partially redacted emails exchanged between counsel for the parties on December 18, 2021. As a result, plaintiff's counsel had no reason to confer with plaintiff concerning the new document destruction request received earlier that day. If litigation were to continue based on defendant's position, destruction of discovery documents was not a consideration.



On December 22, 2021, defendant changed its position and represented that it agrees to the terms of the final settlement agreement provided by the plaintiff (although it has withheld countersigning the agreement as executed by plaintiff). Plaintiff's counsel informed defendant's counsel he will confer with the plaintiff about the new document demand received on December 18 (but disagreed with defendant's position that the execution and performance of the settlement agreement is to be held up, leading to the plaintiff's letter motion filed on December 28, 2021). At no time did plaintiff ever reject defendant's request, or refuse to confer toward resolution. Contrary to the suggestion in defendant's second letter motion, there was no impasse relating to handling of documents or reason for defendant's request to indefinitely suspend consummation of the settlement agreement. Instead, defendant has reported that it will not consummate the agreement in order to retain some perceived leverage (Dkt. No. 83-6), and that is not a good faith basis to ignore its settlement obligations or generate further litigation with its renewed letter motion on document issues that the parties should be able to resolve on their own.

Plaintiff's counsel has confirmed with plaintiff that it has not received a copy of either of the two additional documents identified by defendant's counsel on December 14, 2021. The only files relevant to defendant's destruction demand are counsel's own files. For access and use by plaintiff's counsel in this case, the six documents designated by defendant as confidential are stored along with the remaining production in a discovery sub-folder within a case management software system folder for this case. Plaintiff's counsel agrees to direct a firm employee who has the necessary knowledge of that case management folders system, to delete those six documents from that sub-folder without creating or leaving a copy in that system.

Plaintiff's counsel is not aware (and without having an IT employee undertake a search of different computer systems, will not be aware), whether in downloading the different electronic file transfer document productions by defense counsel, a copy of the production sets was created in any other background computer system. Nor is counsel aware whether an electronic copy of any of the six documents was attached to an email exchanged with the defense counsel or internally. Plaintiff's counsel has no memory of such an email, and no direct access to whatever software system handles file downloads and runs security checks on documents transferred before loading them into the case management software system used by lawyers (such downloads are handled by the firm's IT and electronic discovery staff located in another office, not by attorneys, a procedure designed to limit the exposure of our systems to malicious software and computer viruses). Plaintiff's counsel also is not aware of whether any backup system to restore the firm's files in the event of an emergency or other loss of our lives systems includes a copy of any of the six documents as being stored in the case management software system folders for this case, but that is a possibility for some period of time (until a new backup is made after deletion, presumably), given the nature and purposes of those systems. Plaintiff's counsel has no direct access to any backup system or its contents.

Plaintiff's counsel agree not to look for or attempt to recreate, directly or indirectly, any of the six documents in any IT system or email system, should such a copy even exist. Deletion of the six documents from our case management system folders will remove them from the



system that plaintiff's counsel use to search and retrieve records created, received and stored in connection with cases on which counsel work. Electronic records existing in email systems, IT systems or backup systems, have standard lifecycles when they are archived, or deleted, and no longer accessible by attorneys without affirmative steps being taken to restore those materials to our active systems. Plaintiff's counsel agree not to directly or indirectly alter those standard archiving and deletion processes to preserve access to any of the six documents at issue, should any exist.

Plaintiff expects that this should resolve any legitimate concern defendant may have about documents it designated confidential in this case. Plaintiff's proposal goes beyond the procedures that defendant asked Your Honor to impose as part of the protective order it requested in its first letter motion (Dkt. No. 75-1, at p. 9, section 12). Had the Court issued the protective order proposed by defendant, that order would have included the following:

> **12. Final Disposition of Materials.** Unless counsel agree otherwise in writing, within sixty (60) days of final termination of this Action including any appeals, all CONFIDENTIAL or HIGHLY CONFIDENTIAL material that has been produced, served or otherwise made available during the course of this Action, together with all reproductions, copies (including copies provided by a receiving party to any other person), abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the producing party or nonparty, except that (a) if those materials are the subject of a valid discovery request in another action, the receiving party may retain those materials in order to comply with the discovery request; and **(b) outside counsel of record for each party may retain a complete set of their files for this Action, including all pleadings, depositions, deposition exhibits, deposition evaluations, expert reports including exhibits, discovery responses, and correspondence**. Such file copies must be maintained under the conditions applicable to HIGHLY CONFIDENTIAL material. At the conclusion of this sixty (60) day period, any person designated under paragraph 7(a) above shall represent in writing under penalty of perjury that to his or her knowledge and belief the company has either returned or destroyed all designated materials in accordance with this Protective Order.

Given that defendant proposed an order permitting all case files containing documents designated as confidential to be maintained as is by outside counsel, restricting only distributions to others according to the Highly Confidential standard, plaintiff's proposal to affirmatively delete copies of documents designated as confidential from the case management sub-folder storing defendant's discovery, leaving any other copy that may exist in place in the firm's



systems not used by counsel just as proposed by defendant itself, plaintiff expects that its agreement will resolve any concern defendant may have relating to its document production. For this reason, plaintiff believes a conference with Your Honor is not necessary. Nevertheless, plaintiff's counsel will participate in any conference Your Honor believes to be necessary to address any further questions or issues on this topic.

Sincerely,

*/s/ Steven M. Cowley*

cc: All Counsel of Record (via ECF)